CALLAHAN V. THE BURLINGTON & MISSOURI RIVER RAIL-
ROAD COMPANY.

1. **Master and servant: RAILROAD COMPANY: RESPONDEAT SUPERIOR.**
The rule or *maxim respondeat superior* is limited by this principle:
The responsibility of the master grows out of, is measured by, begins
and ends with, his control of the servant. If the master, who is
sought to be charged with the wrongful act of another, did not con-
tract with him for his labor or services, and is not liable to him for
compensation therefor and has no such control over him as will
enable him to direct the manner of performing the labor, he is not
liable.

2. —— APPLICATION OF THE PRINCIPLE. In action against a railroad
company for damages growing out of the wrongful act of an em-
ployee, the petition alleged that the defendant contracted with W.
& Co. for the grading of its road, reserving to itself the right of
giving directions as to how it should be performed; that W. & Co.
sub-let the work to F.; that one of the specifications of the contract
between defendant and W. & Co. provided that the ground should
be cleared of all perishable materials, which were to be removed or
burned as the *engineer of the defendant might direct;* that in the pro-
gress of the work, an engineer of defendant ordered an employee of
F., the sub-contractor, to set fire to and burn·some rubbish that was
on the line of grading, which was done by said employee, but in so
negligent a manner that he permitted the fire to escape, whereby a
large amount of wood and timber was burned. *Held,* that these
averments were insufficient to justify a recovery against the railroad
company, as it did not appear that the loss necessarily occurred from
the burning, which was ordered by the company's engineer, but from
the *negligent manner* in which it was done by the employee of the
sub-contractor.

3. —— STATUTE CONSTRUED. Section 1327 of the Revision does not
extend the liability of railroad companies to the acts of those not
their agents or servants.

*Appeal from Lucas District Court.*

FRIDAY, JANUARY 24.

THIS is an action to recover damages for setting out
fire, and negligently permitting it to escape from the

grounds of defendant to those of plaintiff, where it burned timber, wood, etc.

The petition alleges, that the defendant is an incorporation organized under the laws of this State for the purpose of constructing and operating a railroad from Burlington to the mouth of Platt river; that the State has granted to said company the right of way through the State; that said road passes through Lucas county; that defendant let the contract of grading its road through Lucas county to J. S. Wolf & Co., and that Wolf & Co. sub-let to John Fitzgerald; that in the contract with said Wolf & Co. defendant expressly reserved the right (to be exercised by its engineers) of giving, as the work progressed, general, and in many cases specific directions, as to how said work should be performed (the petition recites one paragraph of the specifications in said contract, as follows, to wit: First, the ground occupied by and set apart for the right of way is to be thoroughly cleared of all trees, logs, brush and rubbish, and other perishable materials, and the whole to be removed or burned up as the engineer shall direct, and before the grading is commenced "); that in the month of May, 1867, Henry Gardner, an engineer of defendant, ordered one Pat. McGeary, a boss foreman of said Fitzgerald, to set fire to and burn certain brush and rubbish on the track of said road, at section ——, at station 278, about five miles west of Chariton, in said county; that said Pat. McGeary did cause fire to be set to said brush and rubbish, in obedience to said order, and that he and the hands of Fitzgerald negligently permitted said fire to escape to plaintiff's lands, whereby a large amount of timber and wood was burned; that Gardner, as engineer of defendant, had full authority from defendant to give such order, and gave the same in obedience to directions from defendant, under the specification above

quoted from the contract between the defendant and J. S. Wolf & Co.

· A demurrer to plaintiff's petition, on the ground that the persons doing the wrong complained of were not, in any sense, the servants or agents of defendant, was sustained by the District Court.

Plaintiff appeals and assigns for error the decision of the court sustaining the demurrer.

*Warren S. Dungan* for the appellant.

· *Stuart & Brother* for the appellee.

BECK, J. — Were the persons who committed the wrong as shown in the petition, the servants or agents of defend-

1. MASTER AND SERVANT: railroad company: respondeat superior. ant in such a sense that it was liable for their acts? Upon the determination of this question the case depends.

The rule *respondeat superior* is limited by this principle: "The responsibility of the master grows out of, is measured by, and begins and ends with his control of the servant." 1 Parsons on Contracts, 88. If the person sought to be charged under the rule as employer, did not contract with the party committing the wrongful act for his labor or services, and is not directly liable to him for compensation for such labor or services, and has no such control over him as will enable the employer to direct the manner of performing the labor or services, he is not liable for the wrongful act of the agent or servant. 1 Parsons on Contracts, 90–92 and notes. In order to create the liability it is especially necessary that the control of the employer over the servant should be of such a character as to enable him to direct the manner of performing the services, and to prescribe what particular acts shall be done in order to accomplish the end intended. The principle may be illustrated by the case of a contract

for the erection of a house. The proprietor bargains with the contractor that the edifice shall be erected at a particular place, within a prescribed time, of prescribed materials, and in a certain style. The proprietor has no control over the workmen which enables him to direct what means they shall use to accomplish the work, or the way of performing or executing it. The means to be used and the way and manner of performing the work are under the control of the contractor only. Now, if such means are used to do the work, or it is done in such a way and manner that another is injured, dangerous machinery being used, or reckless and careless workmen employed, the proprietor cannot be held liable, for the simple reason that the law will not hold one responsible for the acts of others over whom he has no control. See *Kellogg* v. *Payne*, 21 Iowa, 575, and authorities there quoted. The doctrine is learnedly discussed and the authorities extensively referred to by Judge Story, in his work on Agency, sections 454–459 and notes. The conflict in the authorities is pointed out or reconciled, and the principles above announced are substantially laid down.

The parties doing the wrongful acts complained of in appellant's petition, were the servants of the sub-contractor, and were not in any way under the control of defendant; it cannot therefore be liable for such wrongful acts.

2. —— application of the principle.

It is contended, with much ingenuity, by appellant's counsel, that, under the stipulation of the contract with Wolf & Co., quoted in the statement of the case, appellee retained the right to direct and control the workmen, and did actually exercise that right through its agent, the engineer. A little thought will give a different view upon this point. The contractors obligated themselves to clear off the ground covered by the right of way, by

removing or burning up the trees, logs, etc., as the engi neer should direct. The clearing of the ground was the work to be done, the end to be attained, and could be done in one of two modes at the option of the defendant.

In the exercise of that option, burning was chosen as the mode of accomplishing the end. But with the manner of burning, defendant had nothing to do, and over it exercised no control. It could not direct that the combustible materials should be gathered in large or small heaps, or on one side of the roadway or the other, or that the act of burning should be prudently and carefully done, and proper precautions of watchfulness be exercised in order to prevent danger to the property of others, all relating to the manner of doing the work required by the contract to be done. *Steel* v. *The South-Eastern Railway Co.*, 81 Eng. Com. Law, 550.

The petition does not allege that the burning of the wood, brush, etc., was in itself an act necessarily dangerous to the property of appellant, but avers that the damage resulted because the act was carelessly and negligently done. The appellant did not sustain the loss on account of the act itself, but on account of the careless and negligent manner in which it was done. Appellee directed that the act should be done, and it was lawful and innocent in itself; the contractors only, had control of those who did the act, and could alone direct the manner of its performance. The loss resulted from the manner of the act done; it is clear that appellee is not liable therefor.

It is contended that section 1327 of the Revision, fixes liability upon the appellee. The provisions of the statute 3. —— statute construed. referred to in this section, relate to the right of way of railroads and the manner of acquiring it, and contain sundry regulations in regard to the crossing of plank-roads, turnpikes, canals and water courses by railroads, and impose certain duties upon the

corporations in respect to bridges. The provisions of this section, and the statute therein referred to, do not extend the liability of the corporations to acts of those not their agents or servants.

Affirmed.