ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY CO.
v. YONLEY.

Original opinion delivered March 8, 1890.

Supplemental opinion delivered November 8, 1890.

1. *Railway—Independent contractor.*

One to whom a railway company has let a contract for the performance of work, without reserving control over those employed in the work, is an independent contractor.

2. *"Hireling" defined.*

The word "hireling," as used in section 1959 of Mansfield's Digest, means servant.

3. *Independent contractor—Employer's liability—General rule.*

A railway company may let to an independent contractor the contract to do any work the probable effect of which would not be injurious to another, without incurring any liability for the negligence of the contractor's employes.

4. *Exception—Acts inherently dangerous.*

But if the work let to an independent contractor is of such character that its probable effect will be to injure another, a railway company cannot escape liability for its negligent performance by delegating the work to an independent contractor.

APPEAL from *Pulaski* Circuit Court.

J. W. MARTIN, Judge.

Appellee sued appellant for the negligent burning of his property by persons employed by appellant to clear off its right of way. The facts are stated in the opinion.

The statute cited in the opinion is as follows:

"SEC. 1958. If any person shall willfully set on fire any woods, marshes, or prairies, whether his own or not, so as thereby to occasion any damage to any other person, such person shall make satisfaction in double damages to the person injured, to be recovered by civil action.

"SEC. 1959. When an offense shall be committed against

this act by a hireling, with the consent or by the command of his employer, such employer shall be liable in the same manner and to the same extent as if the act had been committed by himself.''

*J. M. Moore* for appellant.

Campbell was an independent contractor, and the railway company was not liable for his acts or those of his employes. See 60 Ind., 470; 79 Ind., 111; 11 A. & E. R. R. Cas., 60; 21 Iowa, 575; 23 Iowa, 562; 81 Eng. C. L., 549; 59 Me., 525; 61 N. Y., 178; Story, Agency, sec. 454 *et seq.*

*Ratcliffe & Fletcher* for appellee.

1. The railway company owed a duty to the public to see that its right of way was kept in proper repair, and if the repair or clearing of same necessarily endangered the property of others unless proper preventive measures were taken and exercised, it could not shield itself from damages by letting the contract to a contractor. 16 Moak, Eng. Rep., 374; Wood on Master and Servant, sec. 316; Mechem on Agency, sec. 747; 1 Sh. & Redf. on Neg., sec. 176; Wharton on Neg., secs. 184-187; Cooley on Torts, p. 548.

But this question is settled by Mansfield's Digest, sections 1958, 1959, 6462.

*Ratcliffe & Fletcher* for appellee on motion for reconsideration.

The company could not shield itself from damages occasioned by reason of the clearing and burning off the right of way by letting the contract therefor for another. It is true a person is not liable for the negligence of an independent contractor, but this rule does not apply in that class of cases where the work to be done necessarily endangers the property of others, *unless proper preventive measures are taken and exercised.* 16 Moak (Eng.), 374; Mechem on Agency, sec.

747, p. 596; 24 N. E. Rep., 269; Wood on Nuisances, secs. 116, 118.

The law imposes the duty on them to keep their tracks and contiguous lands free from inflammable matter. 49 Ark., 542; 8 A. & E. Enc. of Law, p. 14.

See also Pollock on Torts, marg. p. 64; Wharton, Negligence, p. 185; Wood on Master and Servant, sec. 316; 27 Am. Law Reg. (N. S.), 770.

PER CURIAM. The question in this case is, whether Campbell was the servant of appellant, or whether he was an independent contractor. His employment was by letter of the road-master as follows:

"LITTLE ROCK, ARK., Nov. 27, 1887.

*E. A. Campbell, Redfield.*

DEAR SIR:——I will pay $25 per mile for cutting and clearing right of way from 89 mile post to 101 mile post. Want all trees, bushes, logs, weeds, grass and all rubbish cleared off the right of way and burned.    Yours truly,

C. RUSSELL, R. M."

Campbell, whose testimony is uncontradicted, says: "I accepted the offer and did the work under it. I hired my men and paid them myself. The defendant had nothing to do with them, and did not undertake to order or control my men."

The witness Campbell was an independent contractor, and the railway company was not liable for the negligence of his employes.    Mechem on Agency, sec. 747; Story on Agency, sec. 454 *et seq.;* Cooley on Torts (2d ed.), p. 643; *Kellogg v. Payne,* 21 Iowa, 575; *Callahan v. Railway,* 23 Iowa, 562; *McCafferty v. Railway,* 61 N. Y., 178; Sec. 1959, Mansf. Dig.

1. Independent contractor.

The statute does not control the question. The word "hireling" means "servant," and this is clearly demonstrated by reference to the following: Webster's Dictionary, "hire-

2. "Hireling" defined.

ling;'' Worcester's Dictionary, ''hireling;'' *Boniface v. Scott*, 3 Serg. & R. (Pa.), 353; *Gravat v. State*, 25 Ohio St., 168; *Heygood v. State*, 59 Ala., 51; *Williams v. Wadsworth*, 49 Barb., 298; *Morgan v. Bowman*, 22 Mo., 546.

Supplemental opinion on motion for rehearing.

HEMINGWAY, J. The appellee brought suit against the appellant to recover the damage sustained by reason of the burning of a bridge which belonged to appellee and was situate near the appellant's right of way.

The complaint alleged ''that the appellant, through its officers, agents and employes, caused the timber, grass and stubble along its right of way and near the bridge to be set on fire at different places, every thing at the time being very dry and in a very combustible condition, and so carelessly, negligently and recklessly fired the same, and carelessly, negligently and recklessly managed the same, after the fire was started, that fire was communicated thereby to said bridge and the same was totally destroyed.''

The answer denied that the fire was set out by the officers, agents or servants of the appellant, or that the burning was caused by negligent conduct on the part of its officers, agents or employes.

From a judgment in favor of the plaintiff the defendant prosecutes this appeal.

The cause was submitted at the last term of this court, and upon consideration we rendered a judgment of reversal; but, upon a motion for rehearing, we set aside the judgment for the further consideration of matters not discussed in the former opinion.

We then held that the party, who set out the fire which it was claimed caused the injury, was an independent contractor, and not an officer, agent or employe of the appellant. No exception is now urged to that ruling.

But it is contended that the appellant is liable for the injury for two reasons, to-wit: 1. Because the law imposes upon a railway company the duty to keep its right of way and track free of such matter as is liable to be ignited by sparks or cinders from its engines, and that it cannot delegate to another the performance of that duty. 2. Because the setting out of fire necessarily endangered the property of plaintiff, and the company having caused it to be set out would be liable whether it was set out by an independent contractor or by its agents.

If the injury complained of had arisen from the escape of sparks from a passing engine, and the negligence charged had been in permitting inflammable matter to remain on the track or right of way, and if the defendant had sought to escape liability for the injury by showing that it had made a contract to have the matter cleared off, and that its presence was due to the negligence of the contractor, then the first position taken by counsel would be strong, and receive support from the authorities they cite. But the injury is charged to have arisen, not because of the failure to keep the right of way clear, but by reason of the clearing of it in a negligent, careless and reckless manner. If the railway company had never discharged its duty, there is nothing to indicate that the plaintiff would have been injured. It is required to keep its track and right of way clear of inflammable matter, upon the principle, *sic utere tuo, alienum non laedas*. In order that it may discharge its duty, it is authorized to employ means to that end. If individual proprietors could employ independent contractors to burn inflammable matter on their premises, without liability under the rule, *respondeat superior*, for injury resulting therefrom, a railway company under similar circumstances would enjoy the same immunity. Mr. Cooley says: ''In general, it is entirely competent for one having any particular work to be performed, to enter into agreement with an independent contractor to take charge of and do the whole

3. General rule as to employer's liability.

work, employing his own assistants, and being responsible only for the completion of the work as agreed. The exceptions to this statement are the following: He must not contract for that the necessary or probable effect of which would be to injure others, and he cannot, by any contract, relieve himself of duties resting upon him as owner of real estate, not to do or suffer to ҟe done upon it, that which will constitute a nuisance, and therefore an invasion of the rights of others.'' Whether a proprietor may contract to have his premises burned off, without being liable for injury thereby done, is to be determined by the second question argued by counsel.

4. Exception as to acts inherently dangerous. 2. If one employs another to perform a work which from its nature is necessarily dangerous to the property of a third person, the employer cannot escape liability for the injury thereby done. In such cases the injury flows from the doing of the act as its natural consequence, and not from the manner in which the act is done. Mechem on Agency, sec. 747; Cooley, Torts, p. 646; *Bower v. Peate*, 16 Moak, 374; *Eaton v. European etc. Ry. Co.*, 59 Me., 520 (S. C., 8 Am. Rep., 430); *Bailey v. Troy etc. R. R.*, 52 Am. Rep., 129; *A. T. & S. F. Ry. v. Dennis*, 17 Pac., 153; *Callahan v. Burlington etc. Ry. Co.*, 23 Iowa, 562.

In this case the complaint does not allege that the burning of the brush was in itself an act dangerous to the appellee's property, but avers that the damage resulted because the act was carelessly done. The loss is not charged to have been occasioned by the act itself, but by the improper manner of its performance. In the charge to the jury the right of recovery was conditioned upon the negligent manner in which the work was done. This was error. The right of recovery depends upon the inherent character of the act done—whether it naturally endangered the property of appellee, if carefully performed. If it did, the appellant would be liable. The burden to show that it did was upon the appellee; whether

he discharged it, was a question that should have been sub-
mitted to the jury. We cannot say as a matter of law, that
such was the nature of the act. It would depend upon a va-
riety of circumstances. It is easy to conceive a case in which
burning brush on a right of way would be obviously danger-
ous to adjoining proprietors; it is just as easy to conceive
one in which there would be no danger, except from the care-
less and reckless manner of the burning. The employer's
liability in each case must therefore depend upon its own facts.

The judgment will be reversed and the cause remanded
for a new trial.