## BROWN v. McLEISH ET AL.

1. **Master and Servant**: NEGLIGENCE OF SERVANT: LIABILITY OF MASTER. Where an employer has no control over an employe, but the latter may alone direct his own acts and the manner of doing the work, the employer is not liable for his negligence;—following cases cited in opinion;—and an instruction given in this case is *held* erroneous as not recognizing this rule. ADAMS, CH. J., from his view of the evidence, dissenting.

2. **Verdict**: DAMAGES: POWER OF COURT TO REDUCE. The court has no power to reduce the amount of damages found by the jury, and to render judgment for the reduced sum.

*Appeal from Buchanan Circuit Court.*

WEDNESDAY, MARCH 15.

ACTION to recover damages for personal injuries sustained by plaintiff by falling into a ditch dug by defendants in a public street. There was a judgment upon a verdict for plaintiff. Both parties appeal.

*E. E. Hasner*, for plaintiff.

*H. Boies* and *Lake & Harmon*, for defendants.

BECK, J.—I. The petition alleges, in substance, that defendants, without right or authority, dug a ditch in a public street of a village, and with gross negligence left it open and without guards, or any protection to prevent persons using the street from falling into it, and that plaintiff, while passing along the street, in the exercise of proper care, fell into the ditch, and was permanently injured. The answer denies the allegations of the petition.

II. Evidence was introduced on behalf of defendants tending to prove that the persons employed by defendants had exclusive control of the work, and that defendants reserved and retained no authority to direct the manner of its execution. Applicable to the evidence, the court gave the following instruction: "(7) As to the liability of the employer for

1. MASTER and servant: negligence of servant: liability of master.

the act of his servant or employe, you are instructed that if the act complained of be within the scope and in the course of the employment,—that is, if it is a thing necessary to be done to carry out or complete the work about which the servant was employed,—then the employer is responsible for any damages resulting from any negligence on the part of the servant or his employe; and it would make no difference, as to the responsibility of the master or employer, that he did not authorize the particular act complained of, or did not know of the act or neglect of the servant or employe." This instruction is clearly erroneous. It extends the rule *respondeat superior* to the act of a servant or employe when the master or employer, by the terms of the employment, has no authority to control and direct the manner of the execution of the work. The instruction is based upon the thought that, if the act done be necessary to complete the work which the workmen was employed to do, the employer is liable for his negligence or improper conduct in doing the act. If an act be necessary to accomplish work, as the throwing of earth from the ditch into the public street, or the leaving of the unfinished ditch open during the night, it may be carefully done, or it may be done with negligence. Now, if the employer has no control over the workmen, if they alone may direct their own acts, and the manner of doing work, he is not liable for their negligence. An essential element in the rule *respondeat superior*, is the control of the master or employer over the servant or employe. See *Callahan v. Burlington & M. R. R'y Co.*, 23 Iowa, 562; *Kellogg v. Payne*, 21 Id., 575; *Cunningham v. International R'y Co.*, 51 Tex., 503; *Moore v. Sanborne*, 2 Mich., 519. We need not consider the questions of fact arising in the consideration of the evidence, which, it is claimed by plaintiff, brings this case within the rule just stated. It was for determination by the jury.

III. The defendants, after the evidence was submitted, and during the argument of the cause, asked permission to

file an amendment to their answer, which was denied. Of this they now complain. We need not consider the question thus raised, as the cause must be, for the error just pointed out, reversed and remanded for a new trial. The defendants, before the next trial, will have the opportunity and right to amend their answer in order to present whatever defense they may plead.

Other questions raised upon plaintiff's appeal, involving mainly rulings upon the admission of evidence, do not now demand consideration, for the reason that they may not arise upon the new trial.

IV. The verdict was for $1,500. This the district court reduced to $1,200, and rendered judgment for that sum.

2. VERDICT: damages: power of court to reduce. From this ruling the plaintiff appeals. It is plainly erroneous, the district court having no authority to render judgment for a less amount than the verdict.

The judgment is reversed upon both appeals, and is remanded to the court below for a new trial.

REVERSED.

ADAMS, CH. J., (*dissenting.*) In the view which I take of the evidence, the instruction in question is applicable to it, and correct.