LE ROY LOW, Administrator, Appellant, v. FORD HOPKINS COMPANY, Appellee.

No. 45776.

252

DECEMBER 9, 1941.

William M. Dallas, C. J. Lynch, and Donnelly, Lynch, Anderson & Lynch, for appellant.

Deacon, Sargent & Spangler, A. H. Sargent, and Don Hines, for appellee.

GARFIELD, J.—Decedent, 58 years old, the wife of plaintiff-administrator, was a resident of Mt. Vernon, Iowa. On December 8, 1938, she entered defendant's drugstore and tearoom in Cedar Rapids for the purpose, as plaintiff claims, of inspecting and purchasing certain merchandise. While in the store, she fell down a stairway leading to the basement, where merchandise was stored but not displayed for sale purposes, and where lavatories were situated. As a result of the fall, Mrs. Low received injuries from which she died in a few hours. Plaintiff claims the stairway was maintained in a negligent manner, so that its existence was not readily observable, and constituted a hazard to customers. There was a jury verdict for defendant from which plaintiff has appealed. The errors alleged pertain solely to the instructions given the jury.

I. Instruction 7 on contributory negligence deals with the no-eyewitness rule. It is a substantial copy of the instruction quoted and approved in Azeltine v. Lutterman, 218 Iowa 675, 682, 683, 254 N. W. 854. Appellant complains because the jury was permitted, under the instruction, to infer due care on decedent's part, only if they should find there was no obtainable direct evidence of the manner in which decedent conducted herself at the time, and just before, she was injured. Appellant says it was shown beyond dispute that there was no such obtainable direct evidence and that the jury should have been so instructed; that a nondisputed question should not be submitted to the jury.

In order for appellant to recover, he had the burden to prove decedent's freedom from contributory negligence. This was an issue under the pleadings. He was not entitled to the benefit of the no-eyewitness rule unless it appeared there was no obtainable direct evidence of decedent's conduct at, and immediately prior to, the time of her fall. It is not sufficient that no one testified upon the trial to having seen Mrs. Low fall. This injury occurred in a busy store on one of the principal business corners in Cedar Rapids. A number of clerks and customers, and at least one traveling salesman, were in the store at the time. The Christmas holiday trade was on. It is true appellant called as a witness one Frommack, assistant manager of appellee's store at the time, though not in its employ at the time

of trial, who testified that he made immediate inquiry of the clerks as to whether anyone had seen Mrs. Low fall, and found no one. Appellee, however, made no admission or concession that there was no obtainable direct evidence of decedent's conduct. It appears that the witness Mrs. Bair, an acquaintance of decedent who also lived at Mt. Vernon, saw Mrs. Low standing within a few feet from the head of the stairs very shortly before the fall. It is true this witness says decedent was still standing there when the witness left the store.

We think it was not conclusively established that there was no obtainable direct evidence of decedent's conduct at the time in question and that the giving of Instruction 7 was not error in the respect claimed. In the absence of an admission by the adverse party, it is not often proper to tell the jury, in effect, that a party having the burden of proof on any question has established his claim as a matter of law.

Even though it might appear, however, beyond dispute that there was no obtainable direct evidence of Mrs. Low's conduct, we would hesitate to reverse because of Instruction 7. While it is doubtless true, as a general proposition, that nondisputed fact questions should not be submitted to the jury, it is not always reversible error to do so. Glass v. Hutchinson Ice Cream Co., 214 Iowa 825, 833, 243 N. W. 352; International Stock Food Co. v. Beshey, 200 Iowa 165, 204 N. W. 265.

Rastede v. Chicago, St. P., M. & O. R. Co., 203 Iowa 430, 212 N. W. 751, cited by appellant, is distinguishable. There the accident occurred at a country railroad crossing and there were only three living persons who could have possibly witnessed decedent's conduct. The principal criticism of the instruction was that it left to the jury to find whether there was direct *credible* testimony of decedent's conduct.

II. Appellant next challenges Instruction 8 dealing with the proof necessary to establish by circumstantial evidence that the negligence complained of was the proximate cause of decedent's injuries and death. The jury was first told to "find whether the proven facts and circumstances are such as to justify a reasonable inference that such negligence of defendant, if any, was the proximate cause." That, where there is no direct evidence of causal connection, if the facts and circumstances are of

such nature and so related to each other *that the only conclusion that can fairly or reasonably be drawn therefrom is that such negligence of the defendant,* if any, *was the proximate cause,* and that it is more probable that said injuries resulted from said negligence than from some other cause, the jury would be justified in finding that such negligence was the proximate cause, but if the facts and circumstances are equally consistent with some other cause than defendant's alleged negligence, then the jury would not be justified in so finding.

It is said that the italicized portion of this instruction places an undue burden on appellant; that it is sufficient if the proven circumstances render it reasonably probable that the cause of the injury was defendant's negligence, and more probable than any other conclusion based on such evidence. It is true we have so stated the rule, substantially as contended for by appellant, in Latham v. Des Moines Elec. Co., 229 Iowa 1199, 1207, 296 N. W. 372, 375; Whetstine v. Moravec, 228 Iowa 352, 362, 291 N. W. 425, and other cases. Nevertheless, the italicized portion of the above instruction is in accordance with repeated decisions of this court, from Asbach v. Chicago, B. & Q. R. Co., 74 Iowa 248, 37 N. W. 182, down to In re Brooks Estate, 229 Iowa 485, 294 N. W. 735. It must be admitted there is some lack of uniformity in our decisions on the degree of proof necessary in a civil case where the evidence is wholly circumstantial. We think, considering the instruction as a whole, it did not constitute reversible error.

Appellant further complains that the jury should have been told that where a cause is shown which might produce an accident, and it is shown that an accident of that particular character did occur, it is a warrantable inference in the absence of showing another cause, that the one known was the operative agency in bringing about the result. Appellant cites, in support of the rule contended for, Woodard v. Chicago, R. I. & P. R. Co., 193 Iowa 516, 522, 185 N. W. 978; Hall v. Chicago, R. I. & P. R. Co., 199 Iowa 607, 621, 199 N. W. 491, and George v. Iowa & S. W. R. Co., 183 Iowa 994, 997, 168 N. W. 322. Assuming, without deciding, that the rule of the cited cases is applicable, if appellant desired an instruction embodying this theory, it was his duty to request it. The instruction given by the court

was sufficient, in the absence of such request.

III. Appellant next complains of Instruction 12 dealing with an answer to a hypothetical question. Particular complaint is made of the statement that "the weight and value of such opinion evidence depends upon whether the statement of facts in the hypothetical question is correct, *and fairly includes all the facts as shown by the evidence,*" and that the answer should be rejected if the facts assumed in the question were not proven. Appellant argues that it is necessary to include in a hypothetical question only such facts as bear upon the subject of the inquiry and not all facts shown by the evidence, as the court instructed. The instruction is subject to this criticism. It is unnecessary, if not impossible, for a hypothetical question to embrace all facts of every kind shown in evidence. We think, however, the jury would understand that the italicized phrase referred to all facts shown in evidence bearing upon the subject of the inquiry. The instruction as a whole was similar to an instruction approved in Wilcox v. Crumpton, 219 Iowa 389, 396, 397, 258 N. W. 704, and properly directed the jury to disregard the answer if the facts assumed in the question had not been proven. The instruction correctly did not leave to the jury the materiality of the evidence upon which the question was based. See Stutsman v. Sharpless, 125 Iowa 335, 342, 101 N. W. 105.

It is proper to consider any possible prejudice from Instruction 12 in the light of the record before us. But a single hypothetical question was asked. One of the two doctors who attended Mrs. Low during the seven hours between her fall and her death was asked to describe her injuries which included a severe fracture at the base of the skull. The doctor was then asked to assume that Mrs. Low had fallen down a cement stairway seven feet deep, landing on the back of her head, and was found unconscious, and then state whether the injuries he found were such as could be reasonably attributable to the fall. The answer was "Yes." No other testimony on this subject was given. No attempt was made to show that decedent's injuries were not the result of her fall. There was really no dispute but what the fall resulted in fatal injury.

IV. Instruction 4 defines an invitee as one who comes to a place of business at the express or implied invitation of the proprietor, including one whose purpose is to look for or inspect merchandise, which he may purchase, and a licensee is defined as one solely in pursuit of his own business, pleasure or convenience. The instruction then tells the jury that plaintiff must prove as an essential element of his case that decedent was an invitee; that if she was not an invitee or was but a licensee, plaintiff could not recover.

It is not contended that the instruction is erroneous as an abstract statement of law. The definitions are substantially those found in McMullen v. M. & M. Hotel Co., 227 Iowa 1061, 1066, 290 N. W. 3, and numerous other cases. It is urged, however, that the evidence shows conclusively that Mrs. Low entered the store to look for or inspect merchandise with the thought of possible purchase and that the jury should have been so instructed. With this we cannot agree. There can be no doubt that the burden rested on appellant to prove that Mrs. Low came to the store as a prospective customer. If she was but a licensee no recovery could be had. It is true appellee testified that he requested Mrs. Low, before she left Mt. Vernon, to inspect a shaving kit in appellee's store and purchase it if she judged it satisfactory. Also, Mrs. Bair testified to having seen decedent looking at merchandise near the stairway shortly before she fell. However, a traveling salesman who had been in the store for an hour and a half before Mrs. Low's fall and was in position to observe, testified he did not see her until after she fell. At least two employees of the store gave similar testimony. The jury could have found that Mrs. Low neither purchased nor made inquiry at appellee's store regarding any merchandise, and that Mrs. Low, at the time of her fall, was carrying two or three recently purchased packages which did not come from appellee's store. There was a lavatory in the basement which customers occasionally used. If Mrs. Low's purpose in coming to the store was merely to use the lavatory, she would be but a licensee. We think it was for the jury to find whether decedent was an invitee and that the court was not justified in peremptorily instructing that she was such.

Appellant urges that there was no need of defining the terms invitee and licensee; that a simple direction to the jury that they must find decedent had entered the store to look for or inspect merchandise which she expected to purchase would have been better. The court might well have instructed as appellant now contends and not have burdened the jury with the legal definitions of invitee and licensee. Simplicity of statement and use of language commonly understood by laymen is much to be desired in framing instructions. It can scarcely be claimed, however, that it was reversible error for the court to define these terms.

V. Instruction 5 deals with appellee's negligence and its duty to maintain its premises in reasonably safe condition and to use reasonable care to see that the safety of invitees was not imperiled, but tells the jury that appellee was not an insurer of such safety. Appellant's complaints against this instruction are somewhat critical and we think without substantial merit. The instruction should be considered especially in connection with Instruction 1 which gives a rather full explanation of the meaning of negligence.

VI. Finally, the instructions as a whole are challenged as being unduly favorable to appellee. It is said they unfairly emphasize that plaintiff had the burden of proof; that by qualifying the references to defendant's negligence throughout the instructions, by the use of the words, "if any," doubt was cast upon the showing of such negligence. That in most instances the jury was told they were "warranted" in finding a verdict for plaintiff, if the essential elements of his case were proven, but were told that their verdict "must" be for defendant upon a failure to find any of such essentials. Appellant cites Vance v. Grohe, 223 Iowa 1109, 1118, 274 N. W. 902, 116 A. L. R. 332. Some other complaints are lodged against some instructions. We have carefully considered the instructions as a whole in the light of appellant's criticisms. The court might well have directed the jury to return a verdict for plaintiff if they found the essential elements of his case proven, rather than to tell them merely that they were warranted in so doing. Such mandatory direction was, however, given in Instruction 2, which

stated the five main propositions which inhered in plaintiff's case. We think appellant's criticisms of the instructions as a whole are somewhat exacting and that we are not justified in interfering with the verdict.

Finding no error, the judgment is affirmed.—Affirmed.

MILLER, C. J., and MITCHELL, STIGER, SAGER, OLIVER, HALE, and WENNERSTRUM, JJ., concur.