PACIFIC INSURANCE COMPANY OF NEW YORK, appellant, v. HAR-
OLD CHRISTIANSON et al., d/b/a KRAMER SHOE REPAIR
SHOP, ARTHUR A. NEU and ARTHUR N. NEU,
executors of estate of Adda Beverly,
deceased, appellees.

No. 50375.

242

NOVEMBER 14, 1961.

Vincent F. Powers, of Omaha, Nebraska, and James Furey, of Carroll, for appellant.

Wunschel & Schechtman, of Carroll, for Harold Christianson, appellee.

Leighton A. Wederath, of Carroll, for Donald Kramer, d/b/a Kramer Shoe Repair Shop, appellee.

Edward S. White, of Carroll, and Page & Nash, of Denison, for Arthur A. Neu and Arthur N. Neu, executors of estate of Adda Beverly, deceased, appellees.

PETERSON, J.—This is an action for a declaratory judgment under which plaintiff asks the court to construe a policy of liability insurance issued to Kramer Shoe Repair Shop, located in a basement known as 407½ Main Street in Carroll. The question is whether Donald Kramer, who had leased and was operating the repair shop, was insured under the one-year liability policy issued by plaintiff on November 14, 1959.

Harold Christianson and the executors of the estate of Adda Beverly, deceased, owners of the property, were made parties to the suit, because Mr. Christianson filed a petition on June 22, 1960, in the District Court of Carroll County, Iowa, claiming $52,467.65, damages against Donald Kramer d/b/a Kramer Shoe Repair Shop and against the estate of Adda Beverly. He claimed he suffered serious injury to his left hand and wrist through falling on the steps going down to the basement shoe repair shop. The District Court entered order staying trial of the Christianson case until this action is concluded.

The trial court entered findings, conclusions and judgment

holding that Donald Kramer as operator of the Kramer Shoe Repair Shop was insured by the liability policy issued by plaintiff. Plaintiff has appealed.

Plaintiff assigns three errors relied upon for reversal. 1. The trial court erred in placing the burden of proof upon plaintiff, as to the question of who, if anyone, is the named insured under the policy. 2. The decision of the trial court is contrary to law and unsupported by the evidence. 3. The trial court erred in rejecting evidence of the plaintiff which tended to show an intent on the part of plaintiff's agent to insure Howard Kramer.

I. Appellant cites some cases which hold that in a declaratory-judgment action the burden of proof is upon the party claiming coverage under the policy. Travelers Insurance Co. v. Greenough, 88 N. H. 391, 190 A. 129, 109 A. L. R. 1096; Preferred Accident Ins. Co. of New York v. Grasso, 2 Cir., 186 F.2d 987, 23 A. L. R.2d 1234.

On the other hand appellee cites cases to the effect that the burden of proof in a declaratory-judgment action is controlled by the same rules and considerations as arise in legal proceedings of other types. In other words, plaintiff, who makes the allegations as to a question concerning the insured in a policy, has the burden of proving who is insured. Reliance Life Ins. Co. v. Burgess (8th C. A. Mo.), 112 F.2d 234; Pacific Portland Cement Co. v. Food Machinery & Chemical Corp. (9th C. A. Cal.), 178 F.2d 541.

An early case was Travelers Ins. Co. v. Drumheller (D. C. Mo.), 25 F. Supp. 606, 607. In this case the court stated:

(1) "One who comes into court asking a judgment against another, whether it be a declaratory judgment only or one capable of immediate enforcement," has the burden of proving "that he is entitled to that judgment."

(2) "If an insurance company * * * desires, for the sake of certain advantages, to initiate" a proceeding for a declaration of nonliability, "it must assume the ordinary burdens of a plaintiff," including the burden of proof of nonliability.

(3) The Federal Declaratory Judgment Act, 28 U. S. C. A., section 2201, in vesting the Federal courts with power "may

declare * * * rights * * * of any interested party seeking such declaration"; creates a situation in which the petitioner (under the principle in point (1) above) must plead and prove the facts which entitle him to relief inasmuch as he is affirmatively seeking a judgment to establish his "rights."

The trial court did not specifically refer to the question of burden of proof in its findings. The court analyzed the testimony and upon such analysis decided that Donald Kramer was insured under plaintiff's policy. The question of the burden of proof is not too important in the instant case, nor is it decisive. The testimony is so clear and so definite that there is no question about the correctness of the trial court's decision. ·

II. Under the very general assignment of error of appellant as to the decision being contrary to law and unsupported by the evidence, we will analyze the facts in the case.

Howard Kramer had established a shoe repair shop in a basement in the business district of Carroll some years prior to this action. He purchased liability insurance for his place of business from Mr. Louis M. Gnam, a local insurance agent in Carroll. A liability policy had been protecting the same business for a period of four or five years. When the policy was first issued Mr. Gnam placed it in a company known as Hawkeye Securities Company which company carried the policy for three or four years. At that time the policy was issued to "Howard Kramer doing business as Kramer Shoe Shop." The agent later insured Howard in plaintiff, insurance company.

According to the allegation in plaintiff's petition, in April of 1958, Howard Kramer leased the equipment in the shop to Donald Kramer and ceased to operate the business. Donald Kramer operated the business under the name of Kramer Shoe Repair Shop and was so operating the business when Mr. Christianson was hurt and when his action was started. This allegation appears in paragraph five of plaintiff's petition and was admitted by defendant Donald Kramer in his answer. It became an admitted statement of fact as to the situation.

When Howard left the business in 1958, he told Mr. Gnam to be careful to renew any and all policies on the business and to take the policies and the bill to Donald and he would pay

same. Mr. Gnam recognized the change in the business because Howard's name was dropped and the policy issued November 14, 1959, was issued to "Kramer Shoe Repair Shop", which was the name under which Donald was doing business. Howard's name does not appear at any point in the policy involved in this action. Mr. Gnam testified he took the policy to Donald and received from him his check in payment of the premium. Under this state of facts the trial court was justified in holding Donald was insured by the policy.

III. The questions asked, and the evidence involved in same, which appellant claims as error on the part of the court, were as follows, and were asked of the witness Louis M. Gnam.

"Q. And prior to that time it was your understanding that Howard was the owner and operator of that business? A. That's right." The question was objected to as immaterial and the court sustained the objection.

"Q. What was your understanding prior to last fall as to who the owner and operator of the business was?" Objected to as incompetent, irrelevant and immaterial. Objection sustained.

"Q. And do you know whether or not Donald was employed by his brother Howard?" The question was objected to as calling for the incompetent conclusion of the witness. "A. I assume that he was." The court sustained the objection and the motion to strike the answer.

As to these questions and answers the court was right in sustaining the objections. The form in which the questions were asked was such that appellant was not entitled to secure the information which it tried to elicit in the manner as outlined in the questions. No reversible error appears with reference to the rulings. The decision in the case would not have been affected if the objections had been overruled.

IV. Donald Kramer was insured under the liability policy issued by plaintiff on November 14, 1959, which policy was in force and effect when Mr. Christianson was injured and when he started his action for damages. The conclusions and judgment of the trial court are correct and are affirmed.—Affirmed.

All JUSTICES concur except BLISS, J., not sitting.