HARRIET L. LARSON, administratrix of estate of Carl T. Larson, deceased, appellee, v. JOANN JOHNSON, administratrix of estate of Eugene D. Johnson, deceased, appellant.

No. 50668.

JUNE 12, 1962.

Haupert, Robertson & Johnson, of Marshalltown, for appellant.

Brown, Dresser, Kinsey & Jolas, of Mason City, for appellee.

MOORE, J.—On December 13, 1960, about 9 a.m. at a rural intersection of two gravel roads of equal class about a mile south of Hubbard, Iowa, a collision occurred between a 1955 Chevrolet pickup driven by plaintiff's decedent, Carl T. Larson, and a 1959 Ford sedan driven by defendant's decedent, Eugene D. Johnson. Both were alone; both were killed. It appears without dispute there was no eyewitness to the collision.

The trial court submitted to the jury three charges of negligence: lookout, control, and failure to yield the right of way at the intersection, together with proximate cause, contributory negligence and damages. The jury returned a verdict for plaintiff. From judgment thereon defendant has appealed.

The record sets out only the evidence offered by plaintiff in her case in chief. Defendant's only assignment of error is that the court should have sustained her motions for a directed ver-

dict made at the close of plaintiff's case in chief and at the close of all the evidence and her motion for judgment notwithstanding the verdict. Our basic problem is whether the evidence of physical facts is sufficient to warrant submitting the case to the jury.

Of course plaintiff had the burden to prove the collision and resulting damage were caused by negligence of defendant's decedent in one or more respects alleged by her and that plaintiff's decedent was free from contributory negligence. In considering whether the evidence raised a jury question, we must view it in the light most favorable to plaintiff. Lingle v. Minneapolis and St. Louis Ry. Co., 251 Iowa 1183, 104 N.W.2d 467; Beezley v. Kleinholtz, 251 Iowa 133, 100 N.W.2d 105.

Since plaintiff relies on circumstantial evidence to prove most elements of her case, we will repeat what our decisions say regarding the degree of proof required. The evidence must be such as to make plaintiff's theory of causation reasonably probable and more probable than any other theory based on such evidence. It is not necessary the testimony be so clear as to exclude every other possible theory. This means only the evidence must be such as to raise a jury question within the elements of the foregoing rule; it need not be conclusive. Perry v. Eblen, 250 Iowa 1338, 1344, 98 N.W.2d 832, 835; Soreide v. Vilas & Co., 247 Iowa 1139, 78 N.W.2d 41; Hackman v. Beckwith, 245 Iowa 791, 64 N.W.2d 275.

The brother of plaintiff's decedent testified that at about 9 a.m. on December 13, 1960, Carl left the schoolhouse at Hubbard in the Chevrolet pickup, driving west toward the only road running south from Hubbard. The purpose of his trip was to make some plumbing service calls at two farm homes a short distance south and east of the scene of the accident. The first indication an accident had occurred at the intersection was the observation of a farmer's wife of a cloud of dust, following which her husband immediately went to the scene. Within a few minutes another farmer, a telephone man from Hubbard and a deputy sheriff arrived at the scene. These four men appeared as witnesses and gave similar testimony. It and several photographs received as exhibits show both gravel roads are about level for several hundred feet both north and east of the intersection. The gravel was 24 feet wide north and 18 feet wide east of the inter-

section. The fields at the northwest, southwest and southeast corners of the intersection were plowed; the field at the northeast corner was a cornfield which had been picked and the stalks were down. The area was open.

Defendant's decedent lived on a farm located about a mile east of the intersection on the south side of the road. Immediately after the accident the pickup was in the west ditch of the north-south road in an upright position 42 feet south from the center of the intersection. The body of plaintiff's decedent was lying at the side of the vehicle. The front of the pickup was badly damaged. The Ford sedan was in the south ditch of the east-west road 99 feet west from the center of the intersection, lying on its top. The body of defendant's decedent was lying at the side of his sedan. The right side of the sedan was badly damaged. Fresh skid marks 27 feet long were observed in the right lane of the north-south road starting at about the fence line and continued to the center of the intersection. No skid marks were observed south of the intersection although there were marks right behind the pickup where it went into the ditch. There were no skid marks going east from the center of the intersection, but from there west skid marks of about 10 feet were observed starting toward the Ford. The witnesses described these skid marks as fuzzy, large and wide. One witness described them as sidewise skid marks.

The deputy sheriff expressed the opinion that from his investigation at the scene and his experience as an officer, the point of impact was in the center of the intersection and the damage to the right side of the Ford was caused by being struck by the pickup and the damage to the front of the pickup was caused by striking the right side of the Ford. In his opinion the Larson pickup was to the right of the intersection and the Johnson Ford was to the left at the time of the collision.

██ Defendant argues the trial court should not have submitted to the jury the right-of-way rule as defined by section 321.319, Code of 1958, but we cannot agree. The jury could have found plaintiff's decedent was to the right as the vehicles approached the intersection. It is the duty of a motorist to exercise reasonable care to keep a lookout for vehicles approaching the intersection from his right and if there is one to be prepared to

yield the right of way. Olson v. Truax, 250 Iowa 1040, 1047, 97 N.W.2d 900; Jacobson v. Aldrich, 246 Iowa 1160, 1170, 68 N.W.2d 733, 739; Peterschmidt v. Menke, 249 Iowa 859, 865, 89 N.W.2d 152, 156; Davidson v. Vast, 233 Iowa 534, 10 N.W.2d 12.

We feel the issue of lack of control was properly submitted to the jury. We have frequently pointed out that the question of control of a motor vehicle largely depends upon the surrounding circumstances of each case and is ordinarily for the jury. Long v. Gilchrist, 251 Iowa 1294, 105 N.W.2d 82; Arenson v. Butterworth, 243 Iowa 880, 54 N.W.2d 557; Rogers v. Jefferson, 226 Iowa 1047, 285 N.W. 701, and citations.

Defendant contends that although plaintiff was entitled at the outset to the benefit of the no-eyewitness rule the facts and circumstances shown by the evidence conclusively establish contributory negligence. The instinct of self-preservation is to be taken into account as tending to show freedom from contributory negligence, rather than showing the defendant was using due care at the time of the accident. DeBuhr v. Taylor, 232 Iowa 792, 5 N.W.2d 597. See also Article by Bruce M. Snell, Jr., 43 Iowa Law Review 57.

It is true the no-eyewitness rule may be negatived by facts and circumstances. Lingle v. Minneapolis and St. Louis Ry. Co., 251 Iowa 1183, 104 N.W.2d 467; Hittle v. Jones, 217 Iowa 598, 602, 250 N.W. 689; Van Gorden v. City of Fort Dodge, 216 Iowa 209, 245 N.W. 736; Tegtmeyer v. Byram, 204 Iowa 1169, 216 N.W. 613. But we think this is not such a case. The inference of due care resulting from the rule may be weakened or strengthened by circumstantial evidence or other permissible inference and assumption. Van Wie v. United States, 77 F. Supp. 22 (Judge Graven).

In referring to the no-eyewitness rule in Korab v. Chicago, R. I. & P. Ry. Co., 149 Iowa 711, 718, 128 N.W. 529, 531, 41 L. R. A., N. S., 32, we said:

"The presumption is something more than a mere shadowy generality. In the absence of direct evidence, the presumption supplies its place, and if the issue of contributory negligence is the only obstacle to recovery it is sufficient to support a verdict for the plaintiff. True, this presumption may be overcome by a showing of other circumstances from which the jury may fairly

conclude that deceased was not in fact exercising due care; but in the nature of things this counter showing can rarely be so overwhelming and conclusive as to make the question whether the presumption has been fairly overcome a matter of law."

We hold the court was justified under the facts and circumstances in submitting this case to the jury and we are not at liberty to disturb the judgment.

These precedents lend support to our decision. Bokhoven v. Hull, 247 Iowa 604, 75 N.W.2d 225; Hackman v. Beckwith, 245 Iowa 791, 64 N.W.2d 275; Smith v. Darling & Co., 244 Iowa 133, 56 N.W.2d 47; Hayes v. Stunkard, 233 Iowa 582, 10 N.W.2d 19. —Affirmed.

All JUSTICES concur.