HERBERT HESTER and EVA LUCILLE HESTER, appellants, v.
WILLIAM MEEWES, appellee.

No. 51115.

(Reported in 126 N.W.2d 308)

634

FEBRUARY 11, 1964.

REHEARING DENIED JUNE 9, 1964.

Bush & Bush, by Curtis Bush, of Davenport, for appellants.

McDonald, McCracken, McDonald & Carlin, by John E. Mc-Cracken, of Davenport, for appellee.

THOMPSON, J.—On December 10, 1958, shortly after 1:30 a.m., the plaintiff Herbert Hester was driving his automobile on

Harrison Street in the City of Davenport. His wife, the plaintiff Eva Lucille Hester, was a passenger, riding in the right front seat. Mr. Hester stopped his car on the right-hand side of the street some distance from the curb to permit a passenger to alight, and there was some conversation between Hester and the passenger after he left the automobile. While so stopped the Hester car was struck from the rear by an automobile owned and driven by the defendant. Injuries to both Hester and his wife resulted, and they brought a joint suit for damages. Trial resulted in a jury verdict for the defendant as against Herbert Hester, and for the plaintiff Eva Lucille Hester against the defendant in the amount of $3500.

Herbert Hester's motion for new trial was denied by the court. Upon the defendant's motion for new trial as against Eva Lucille Hester, the court said: "The court feels that the defendant's motion for a new trial should be denied but that under the record in the case, the jury's verdict should be reduced in the amount of $1000 and such is the order of the court * * *." From judgments in accordance with the rulings on the motions for new trial each plaintiff appeals.

I. The plaintiff Herbert Hester rests his entire appeal on the refusal of the trial court to give an instruction requested by him, and upon the claimed errors of the court in giving its own instructions. His assignments of error are all based upon giving or refusal to give instructions, with the single exception that "The court erred in overruling said appellant's motion for a new trial." However, an inspection of the motion for new trial reveals that the sole grounds asserted therein were likewise giving and refusal to give instructions.

But the record shows no exceptions taken, either to the giving or refusal to give, of any instructions prior to the submission of the case to the jury. The only exceptions appear in the motion for new trial, filed several days after the jury verdict. Rule 196 says clearly that all objections "to giving or failing to give" any instruction must be made in writing or dictated into the record before the instructions are read to the jury; and the objections must specify the matter objected to and the grounds therefor.

Again we are compelled to say that the failure of the plaintiff to comply with rule 196 leaves nothing for us to review so far as instructions are concerned; and since the plaintiff Herbert Hester has rested his entire appeal on complaints concerning instructions, we have nothing before us that we are permitted to consider. Crist v. Iowa State Highway Commission, 255 Iowa 615, 628, 629, 123 N.W.2d 424, 432, and cases cited.

■ Counsel asserts that, as to the requested instruction, the trial court said it was giving it "in substance". This does not avail the litigant. If, as he now thinks, the trial court was mistaken in its statement, and that in fact it was not giving the substance of the requested instruction, it should have been apparent at that time, as counsel thinks it is now; and a proper exception should have been lodged.

II. The appeal of Eva Lucille Hester is based upon the assigned error that "The court erred in reducing the verdict * * * by the amount of $1000." It will be noted that the trial court did in fact make an arbitrary reduction of the verdict from $3500 to $2500. The usual procedure, in such circumstances, of giving the party holding the judgment the option of filing a remittitur in such amount as the court thinks proper or taking a new trial was not followed.

The parties have argued the point as though the question is whether the trial court abused its discretion in making the reduction it did; that is to say, whether there was an apparent field for the exercise of the court's discretion under the particular facts of this case. But we think the question is not one of discretion, but of the power of the court to make the order it did. While no authorities bearing directly on this question are cited by either party, precedents are not lacking.

■ It is no longer an open question in Iowa that the court has no right to make an arbitrary reduction of a verdict and judgment without giving the deprived party the option of taking a new trial. The point was discussed at some length in Crawford v. Emerson Construction Co., 222 Iowa 378, 390, 391, 269 N.W. 334, 339, 340, 341. It is there said:

"Under the repeated holdings of our court—and we think there is no exception to this rule—a trial court is powerless to

reduce the verdict of the jury in an action for unliquidated damages and render judgment for a less amount, unless the party in whose favor the verdict was rendered consents to the reduction, since a reduction under such circumstances invades the province of the jury, the proper course being to give the plaintiff the option to accept the reduced amount, and if a remittitur is refused, to set aside the verdict and award a new trial."

So in Barber v. Maden, 126 Iowa 402, 404, 102 N.W. 120, we said: "This [reduction of a verdict from $462.50 to $300] was error. The plaintiff was entitled to the finding of a jury as to the amount due her, and until she waived that right the court had no power to determine the question or change the verdict to her prejudice. * * * For this error the judgment must be reversed on the plaintiff's appeal. We shall not, however, render a judgment on the verdict, but shall remand the case to the district court, with instructions to either render a judgment on the verdict returned, or permit the plaintiff to elect whether she will take a judgment for $300 or a new trial."

To the same effect are Stanley v. Core, 119 Iowa 417, 420, 93 N.W. 343, 344; Hudson v. Applegate & Co., 87 Iowa 605, 609, 54 N.W. 462, 463; and Brown v. McLeish, 71 Iowa 381, 383, 32 N.W. 385, 386. See also Frank Bond & Son, Inc., v. Reserve Minerals Corporation, 65 N. M. 257, 335 P.2d 858, 861, 862.

It follows that the judgment of the trial court which reduced the verdict and judgment must be reversed and the case remanded, with directions to reinstate the original judgment or, if the court is so advised, to deny the motion for a new trial upon condition of a remittitur of a part of the judgment, or the grant of a new trial if remittitur is not made.

Costs will be taxed one half to the plaintiff Herbert Hester and one half to the defendant.—Affirmed upon appeal of Herbert Hester; reversed and remanded upon appeal of Eva Lucille Hester.

All JUSTICES concur.