HAROLD CHRISTIANSON, appellant, v. DONALD KRAMER, d/b/a KRAMER SHOE REPAIR SHOP, and ARTHUR A. NEU, executor of estate of Adda Beverly, appellees.

No. 51564.

(Reported in 135 N.W.2d 644)

976

June 8, 1965.

Wunschel & Schechtman, of Carroll, for appellant.

Leighton A. Wederath, of Carroll, for appellee Donald Kramer, d/b/a Kramer Shoe Repair Shop.

Floyd E. Page, of Denison, and Edward S. White, of Carroll, for appellee Arthur A. Neu, executor of estate of Adda Beverly.

GARFIELD, C. J.—Plaintiff brought this law action to recover for personal injury from falling on an icy step leading to a basement shoe repair shop of defendant Donald Kramer. Defendant Neu was executor of the estate of Adda Beverly, owner of the building in the business district of Carroll. Trial resulted in judgment on jury verdict for defendants from which plaintiff appeals.

The first trial of the case ended in judgment on directed verdict for defendants. On plaintiff's appeal we reversed that judgment and remanded the case for another trial from which the present appeal resulted. Christianson v. Kramer, 255 Iowa 239, 122 N.W.2d 283. Evidence upon the two trials was quite similar. Since the cited opinion fully recites the evidence upon the former trial, extended statement of the evidence at the later trial is deemed unnecessary.

Prior to the former trial a declaratory-judgment action was also commenced and tried as to whether defendant Kramer's liability, if any, to plaintiff was insured by a certain liability policy. That case was also appealed. Pacific Insurance Co. of N. Y. v. Christianson, 253 Iowa 241, 111 N.W.2d 679.

There was one step between the sidewalk along the front of the building in question and a platform leading to the remaining eight steps to the basement. Plaintiff started to descend the steps about 10 a.m. on January 6, 1960, carrying a cup of hot coffee in each hand. As he was doing so a lady emerged from the shoe repair shop and ascended the steps. Plaintiff moved to his right (west) to allow the lady to pass and slipped and fell on a patch of ice about a foot wide at the west end of the fourth or fifth step. The steps were 40 inches in width. Plaintiff cut his left wrist in the fall and suffered severe and permanent injury.

A stone ledge between the first and second stories of the brick building protruded from the front wall about a foot. Snow accumulated on this ledge and when it thawed water from the ledge dripped onto the steps below, forming ice when it froze. Snow had fallen a few days before January 6 and, the jury could find, the ice on which plaintiff fell was caused by dripping from the ledge.

I. Plaintiff's first assigned error is in the trial court's refusal to admit evidence of prior accidents. Plaintiff called defendant Kramer as his witness and asked him, "Before this accident did you have someone else fall on these steps on the ice?" The court sustained the objection of Kramer's counsel as irrelevant and immaterial.

It is now well settled in Iowa that evidence of prior accidents at the same place or with the same instrumentality

under substantially similar conditions is admissible as tending to show a dangerous and unsafe condition and knowledge thereof by the offending party. Jackson v. Chicago, M., St. P. & P. R. Co., 238 Iowa 1253, 1264, 30 N.W.2d 97, 103, and citations; Berk v. Arendts, 254 Iowa 363, 370, 117 N.W.2d 905, 909, and citations; Mead v. Scott, 256 Iowa 1285, 1291, 130 N.W.2d 641, 644. See also annotation, 70 A. L. R.2d 167, 172. The Berk and Mead opinions say that for such evidence to be admitted it must appear conditions were comparable and the occurrences not too remote. See also annotation, 70 A. L. R.2d, supra, at pages 198, 208.

There are two reasons why the ruling complained of was not reversible error. First, no offer of proof was made and we have no way of knowing what the witness' answer would have been—it may have been negative. Obviously a new trial should not be granted to permit an answer that might be unfavorable to plaintiff. Olson v. New York Life Ins. Co., 229 Iowa 1073, 1077, 295 N.W. 833, 835; Sewell v. Lainson, 244 Iowa 555, 559, 57 N.W.2d 556, 559; 5 Am. Jur.2d, Appeal and Error, section 604, page 70.

In the second place, it can hardly be said the question called for evidence of prior falls under substantially similar conditions at a time not too remote. The claimed prior falls may have occurred at night when the steps were completely covered with ice or under other dissimilar conditions several years before plaintiff fell. See in this connection Crouch v. National Livestock Remedy Co., 205 Iowa 51, 63, 64, 217 N.W. 557, and citations; 32 C. J. S., Evidence, sections 583, 584; 20 Am. Jur., Evidence, section 305; Annotation, 70 A. L. R.2d 167, 198, 208.

II. Plaintiff's second and fourth assignments of error are in the exclusion from evidence of a copy of his income tax returns for 1959 and 1960 and testimony as to the fair and reasonable value of medical, hospital and nursing service the Veterans Administration furnished plaintiff in treating his injuries.

In view of the verdict for defendants these rulings may not be deemed prejudicial. The jury evidently found defendants were not liable to plaintiff. As plaintiff's counsel conceded in argument, the verdict could hardly have been based, even in part, on a finding plaintiff was not injured or damaged. These

claimed errors go to the measure, not the right, of recovery. As frequently said, the errors, if any, were cured by the verdict for defendants. Janvrin v. Broe, 239 Iowa 977, 983, 33 N.W.2d 427, 431; Shannon v. Gaar, 234 Iowa 1360, 1365, 15 N.W.2d 257, 259, and citations; 5A C. J. S., Appeal and Error, section 1745, page 1085; 5 Am. Jur.2d, Appeal and Error, section 805. See also Olson v. Truax, 250 Iowa 1040, 1043–1046, 97 N.W.2d 900, 903, 904, and citations.

 III. The third assigned error is in overruling plaintiff's motion for a mistrial. Plaintiff called out of order as a witness, Dr. Donald Lulu, a surgeon at the Veterans Administration Hospital in Des Moines, who described plaintiff's injuries and the treatment given him. He was said to be suffering from a painful affliction following an injury to his nerves, claimed to have been caused by his fall. On cross-examination the witness was asked whether the hospital file of the case he had with him disclosed that at or before plaintiff's appearance at the hospital for these operations he came there with complaints, based on alcoholism or nervous disorder. Plaintiff's counsel immediately moved for a mistrial on the ground the question was asked to prejudice the jury against his case.

Defendants' counsel insisted the question was asked in a good faith attempt to show plaintiff's nervous disorder was not caused by his fall down the steps. The court ruled the question might be proper, that if a lack of basis for it later developed, the jury would be admonished to disregard the question. The witness first answered "yes" but later said his answer would be "no." The doctor then explained alcoholism could account for a nervous condition but not for an injury to plaintiff's nerves—the cause of such an injury would be traumatic.

The trial court evidently decided the jury should not consider the matter of alcoholism or nervous condition. One of the court's instructions told the jury reference was made during the trial to these matters but that in arriving at their verdict no consideration should be given such matters.

Some other evidence may be referred to. Doctor Lulu testified on direct examination plaintiff was not in the hospital for anything other than he described. Dr. Josef Martin of Carroll,

who treated plaintiff many times following his injury, testified on cross-examination without objection that he noticed evidence of drinking when plaintiff reported for treatment several times. Plaintiff was in the military service nearly 22 months in 1953-54 and served in Korea 16 months. He was shell-shocked "a little" in the service and received 10 percent disability of his ears.

■ We are not persuaded it was an abuse of discretion to refuse to declare a mistrial. The trial court has considerable discretion in determining whether alleged misconduct, if there was such, was prejudicial. Certainly he is better able to appraise the situation than we are. We will not interfere with such a ruling unless it is reasonably clear such discretion has been abused. Castner v. Wright, 256 Iowa 638, 127 N.W.2d 583, 591, 128 N.W.2d 885, and citations; Mead v. Scott, supra, 256 Iowa 1285, 1290, 130 N.W.2d 641, 644, and citations.

■ Further, instructing the jury to disregard the asking of a question claimed to be misconduct ordinarily leaves no ground for complaint except in extreme instances where it is manifest the prejudicial effect remained and influenced the verdict despite the instruction. See Castner v. Wright, supra, and citations.

■ Connelly v. Nolte, 237 Iowa 114, 130, 21 N.W.2d 311, 319, cites many precedents for the proposition that unless it appears probable a different result would have been reached but for claimed misconduct of counsel for the prevailing party we are not warranted in interfering with such a ruling. To like effect is Corkery v. Greenberg, 253 Iowa 846, 853, 854, 114 N.W. 2d 327, 331, and citations.

There was no evidence or claim by defendants that plaintiff had been drinking the morning he fell nor was his character assailed on the ground he was an alcoholic.

■ IV. Plaintiff assigns as error the refusal of six requested jury instructions. He is not entitled to have this assignment considered because he did not object to the refusal as required by rule 196, Rules of Civil Procedure. Nor did he object at any time in the trial court, even (belatedly) in his motion for new trial.

We have pointed out many times that rule 196 requires "all objections to giving *or failing to give* any instruction must be

made * * *," specifying the grounds thereof, before the instructions are read to the jury (emphasis added). The rule adds, "No other grounds or objections shall be asserted thereafter, or considered on appeal." Spry v. Lamont, 257 Iowa 321, 330, 132 N.W.2d 446, 451, and citations; Hester v. Meewes, 256 Iowa 633, 635, 126 N.W.2d 308, 309, 310; Crist v. Iowa State Highway Comm., 255 Iowa 615, 628, 629, 123 N.W.2d 424, 432.

For counsel's benefit we will say that three of the requests were included, in substance, in the instructions given. These related to the measure, not the right, of recovery. On the considerations stated in Division II hereof, refusal of these specific requests could not be deemed prejudicial in any event, in view of the verdict for defendants. Insofar as the requests dealt with defendants' duty toward plaintiff we think the instructions given adequately covered the matter.

V. The remaining assigned errors are directed to some of the court's instructions. We find no reversible error in them upon any ground timely asserted in the trial court and assigned and argued here.

Instruction 10 set out six propositions plaintiff was required to prove in order to recover. The first was that plaintiff was descending the steps as an invitee, customer or prospective customer. The second was that plaintiff fell upon ice defendants had permitted to remain and present a dangerous and hazardous condition. The four remaining propositions were that defendants were negligent in one or more respects charged and submitted, such negligence was the proximate cause of plaintiff's injuries, plaintiff was not contributorially negligent, and that he was damaged in some amount and the extent thereof. Objection to the instruction was that proof of only the last four propositions should have been required.

The ordinary instructions in an action to recover damages for claimed negligence enumerate only the last four propositions stated in instruction 10 but it is not unheard of or necessarily improper to precede them by such propositions as the first two here. It is proper to instruct that a plaintiff must have been injured substantially in the manner alleged in his petition. Propositions 1 and 2 in instruction 10 repeat the substance of

allegations in the petition other than the grounds of negligence therein charged. Plaintiff was not entitled to recover under his petition unless he was an invitee or unless he fell upon ice defendants had permitted to remain and present a dangerous and hazardous condition. The trial court was justified in instructing the jury that proof of these allegations in the petition was necessary. Calkins v. Sandven, 256 Iowa 682, 698, 129 N.W.2d 1, 10.

VI. Instruction 11 amplified the first proposition stated in 10. It said a shopkeeper owes no duty it can be claimed was violated here to a mere trespasser or one who comes upon the premises without express or implied invitation, but he owes a duty to one coming upon the premises by such an invitation to exercise reasonable care to protect him from injury; unless plaintiff was descending the stairs to enter defendant's shop as a customer or prospective customer, defendants did not owe him the duty of exercising reasonable care for his safety, but if he was a customer or prospective customer he was an invitee entitled to have defendants exercise reasonable care for his safety.

Plaintiff's strongest objection to this instruction is that it was not necessary for him to be a customer or prospective customer in order to be an invitee toward whom defendants must exercise reasonable care. As an abstract statement we agree with this criticism of the instruction. There is testimony, undenied too, that plaintiff and defendant Kramer frequently had coffee together in the latter's shop, they took turns buying it and plaintiff bought it the day he fell. It is clear that if plaintiff's purpose in going to the shop was to take coffee to Kramer pursuant to this custom, plaintiff was acting with at least implied invitation of Kramer.

The abstract statements of law in instruction 11 are correct but in applying them to the evidence the instruction required plaintiff to prove he was a customer or prospective customer in order to qualify as an invitee. If it were not for the allegations of the petition this would be error. But the petition alleged plaintiff was descending the steps to the shop "to have some footwear repaired and was a business invitee." Plaintiff testified he was going to the shop to ask Kramer about repairing some boots, evidently as a prospective customer. The court was

warranted in requiring proof of the allegation of the petition just referred to. Calkins v. Sandven, supra; Harrington v. Fortman, 233 Iowa 92, 98, 8 N.W.2d 713, 716; 53 Am. Jur., Trial, section 574.

If plaintiff claimed he was for some other reason an invitee he should have so alleged. Or, at least in the absence of a motion for more specific statement, he could merely have alleged he was descending the steps at Kramer's invitation, without further detail. 88 C. J. S., Trial, section 381e, page 987. See as bearing on this Grantham v. Potthoff-Rosene Co., 257 Iowa 224, 131 N.W.2d 256, and citations.

VII. The giving of instruction 13 is not assigned as error. Any error in the instruction is therefore deemed waived. Rule 344(a)(4)(Third), Rules of Civil Procedure. We find objections to instructions 15 and 16 which are assigned and argued are without merit.

We desire to call attention to an error in instruction 12 to which attention was not called in the trial court. The error plaintiff did assert in giving this instruction is not argued by him and it is also therefore deemed waived. Rule 344(a)(4) (Third). Instruction 12 stated that the fact plaintiff was descending the steps as a customer or prospective customer need not be proven by direct evidence but might be shown by facts and circumstances "provided they are of such nature and are so related to each other that [such] conclusion * * * is the only [one] that can fairly or reasonably be drawn from the facts and circumstances."

This instruction is in accord with repeated decisions of ours, from Asbach v. Chicago, B. & Q. R. Co., 74 Iowa 248, 250, 37 N.W. 182, 183, down to In re Estate of Brooks, 229 Iowa 485, 495, 294 N.W. 735. Low v. Ford Hopkins Co. (1941), 231 Iowa 251, 254, 255, 1 N.W.2d 95, 97, 98, declines to reverse a judgment for defendant on plaintiff's appeal because an instruction included a statement like the quoted one which was combined with a statement that the claimed conclusion must be more probable than any other.

But the quoted statement in instruction 12 here has not been the approved rule of this court in a civil case of this kind since

1941 and should not be included in instructions on the measure of proof of a claimed fact by circumstantial evidence. An issue in a civil case may be proven by circumstantial evidence provided the evidence is such as to make the claimed theory reasonably probable, not merely possible, and more probable than any other theory based on such evidence. It is not necessary the testimony be so clear as to exclude every other possible theory. Soreide v. Vilas & Co., 247 Iowa 1139, 1143, 78 N.W.2d 41, 43, 44, and citations; Larson v. Johnson, 253 Iowa 1232, 1234, 115 N.W.2d 849, 850, and citations. See rule 344(f)16, R. C. P. This is substantially the rule embodied in Uniform Jury Instruction 1.7 published by the Iowa State Bar Association.

We find plaintiff is not entitled to a reversal.—Affirmed.

All JUSTICES concur except LARSON and HAYS, JJ., who dissent.

LARSON, J.—I respectfully dissent. Although the majority in Division III find references to plaintiff's past difficulties with drinking improper, they do not believe the trial court abused its discretion in refusing to declare a mistrial, even though such a motion was promptly made at the proper time. I cannot agree. This was no innocent slip of the interrogator. It was a deliberate attempt to connect plaintiff's liquor problem with the fall upon an icy stairway and the resulting injury. In a former appeal a warning was given not to inject the subject in this lawsuit. Christianson v. Kramer, 255 Iowa 239, 250, 122 N.W.2d 283.

Counsel was well aware of the danger when the objectionable question was asked, and must have known he could not connect plaintiff's nervous disorder to his past use of alcohol. Apparently the trial court was taken by surprise and admitted an answer to the question. When it appeared the connection could not be made, the court did not directly admonish the jury upon the impropriety but attempted to instruct on that evidence at the time the case was given to it. The cure was not effective or adequate.

There was also other evidence of drinking received, and it is hard to believe all this did not unfavorably influence the jury.

The court should have declared a mistrial, and I would hold it abused its discretion in not doing so. The damage was done when the first reference was made. The members of the jury could not erase the unfair impression made on their minds. Added reference to drinking increased the improper image of plaintiff and seriously prejudiced his rights. The verdict would no longer be free from corruptive matter.

For these prejudicial errors I would grant plaintiff a new trial. Without the references to liquor, the probabilities of a different result appear great to me.

HAYS, J., joins in this dissent.