STATE of Iowa, Appellee,

v.

Edward N. CLARK, Appellant.

No. 54292.

Supreme Court of Iowa.

June 17, 1971.

Fehseke & Fehseke by R. L. Fehseke, Jr., Fort Madison, for appellant.

Richard C. Turner, Atty. Gen., Michael J. Laughlin and James W. Hughes, Asst. Attys. Gen., and Michael M. Phelan, Deputy County Atty., Fort Madison, for appellee.

REYNOLDSON, Justice.

Defendant Edward N. Clark was charged by county attorney's information, tried and convicted of first degree murder. He was sentenced to life imprisonment and appeals from this judgment. We affirm.

Defendant contends the trial court erred in (1) giving instruction 15 relating to mental condition and in failing to give a requested intoxication instruction and (2) refusing to admit into evidence certain proffered exhibits.

The evidence is uncontroverted that on April 11, 1969, defendant, then an inmate at the Iowa State Penitentiary at Fort Madison, assaulted, stabbed and caused the death of Correctional Officer Sam Reed. Clark was released from a security lock up to take a shower and carried with him a knife in a bundle of clothing. He had removed the knife from his pocket while still in his cell. As he approached the desk where Reed was stationed, defendant walked behind him, looked around and then seized Reed by the neck and stabbed him several times. After Reed broke away Clark followed him two or three steps, then turned and walked out of the cell house. He said "Hi" to an acquaintance, who saw him flip the knife into a flower bed, and proceeded to the office of the Shift Captain. Captain Parrott testified defendant stared straight ahead, used a grunting sound in responding to questions, but followed his orders in moving from one chair to another and in removing his clothing for tagging identification.

A fellow inmate testified defendant, as he approached Reed prior to the incident, did not appear abnormal and walked at a slow, normal pace.

Defendant, testifying in his own behalf, said he had argued with Reed. He thought the latter was picking on him and taking advantage of him.

Defendant testified that for most of the period of his incarceration of more than 10 years he had received drugs as prescribed by prison psychiatrists. He had been subjected to disciplinary action several times for saving up his pills to "take a trip". On the morning of the homicide he apparently took 12 pills he had saved up and three of the day's prescription, a total of five "Demerol", five "Stelazine", four "Valmid" and one "Cogentin".

Clark remembered being let out of his cell, walking toward the shower carrying his knife, and grabbing officer Reed. There followed a "kind of black out spell". His next claimed recollection was being in the Shift Captain area.

At the close of defendant's evidence at trial, before rebuttal evidence was entered by the State, defendant withdrew his plea of not guilty by reason of insanity and inserted instead a general plea of not guilty.

When the court submitted the instructions at the close of the evidence in preliminary form defendant objected to instruction 15 relating to his mental condition. This instruction was identical to uniform

jury instruction 513.17 as contained in the uniform jury instructions published by the Iowa State Bar Association. It incorporated the theory of "diminished responsibility" generated out of our decision in State v. Gramenz, 256 Iowa 134, 126 N.W.2d 285. The jury was instructed that evidence of defendant's mental condition could be considered in determining whether the State established beyond a reasonable doubt that defendant acted wilfully, deliberately and premeditatedly in connection with the first degree murder charge.

Defendant objected on the ground that evidence had been propounded in the trial as to his voluntary intoxication, and if the jury should find such intoxication to the extent defendant was unable to realize the natural and probable consequences of his acts, the instruction would allow the jury to convict him of second degree murder. As a part of the same objection defense counsel dictated into the record,

"Defendant objects to the failure of the court to instruct the jury on the issue of voluntary intoxication and specifically requests the court to instruct as follows: * * * ".

There followed a precise quotation of uniform instruction 513.19 on voluntary intoxication. It would permit the jury to consider this condition not only with respect to the elements required for first degree murder, but also with respect to the malice aforethought required for second degree murder.

The record and trial transcript reveal after certain changes not pertinent here the final draft of the instructions was again submitted to counsel. Attorney for defendant said he had no additional objections. He made no further record.

■ I. Defendant claims the court erred in giving instruction 15 and in failing to instruct the jury on the issue of his voluntary intoxication. This error, if any, was not preserved for consideration here. Defendant failed to file written requested

instructions. On submission of the instructions in their final form he failed to make objection to instruction 15, giving the ground thereof. He did not object to and give stated grounds for objecting to the failure of the court to instruct on voluntary intoxication. There was no compliance with rule 196, Rules of Civil Procedure, made applicable to criminal cases by section 780.35, Code, 1971. Our prior decisions, under such circumstances, are controlling: State v. Gilmore, 181 N.W.2d 145 (Iowa 1970); State v. Schmidt, 259 Iowa 972, 145 N.W.2d 631; Campbell v. Martin, 257 Iowa 1247, 136 N.W.2d 508; Christianson v. Kramer, 257 Iowa 974, 135 N.W.2d 644; Stewart v. Hilton, 247 Iowa 988, 77 N.W.2d 637.

■ Exceptions or objections to the preliminary draft of instructions will not support an assignment of error on appeal. Stiefel v. Wandro, 246 Iowa 807, 68 N.W.2d 53; Stupka v. Scheidel, 244 Iowa 442, 56 N.W.2d 874; In re Will of Soderland, 239 Iowa 569, 30 N.W.2d 128.

Defendant made no motion for a new trial. The claimed error in giving instruction 15 was therefore not preserved under section 787.3(5) Code, 1971; State v. Kimball, 176 N.W.2d 864 (Iowa 1970); State v. Franklin, 163 N.W.2d 437 (Iowa 1968); State v. Holder, 237 Iowa 72, 20 N.W.2d 909, Cf. State v. Brown, 172 N.W.2d 152 (Iowa 1969).

■ We have held the obligation to comply with procedural rules must be substantially observed or the rights of the parties may be lost in a welter of confusion. State v. Kramer, 252 Iowa 916, 109 N.W.2d 18. Failure of defendant to reasonably exercise his procedural rights in his trial necessarily limits the grounds the appellate court will consider. State v. Post, 255 Iowa 573, 123 N.W.2d 11.

■ Although defendant is not entitled to have this claimed error considered, we may observe that it is without merit.

The jury, under the instructions given, by its verdict found defendant had acted wilfully, deliberately and with premeditation. This by necessary implication denies such mental condition or intoxication as would render defendant incapable of forming the necessary intent. There was no direct evidence of any intoxication at the particular time and place. See State v. Estrella, 257 Iowa 462, 133 N.W.2d 97. Defendant's claimed "black out" while engaged in stabbing his victim several times would seem to relate more to a mental condition than to a state of intoxication. Defense counsel who tried the case through until the close of his evidence under a plea of not guilty by reason of insanity must have related the incident to some mental condition.

On rebuttal the psychiatrists for the State did not testify that an overdose of the particular drugs taken by defendant would cause intoxication. Rather, their testimony was to the point that such drugs would tend to cause the taker to be sedated, tranquil and relaxed. As bearing on this point, see Saldiveri v. State, 217 Md. 412, 143 A.2d 70.

While the issue is not raised directly by defendant, we are convinced that he received a fair trial.

■ II. Defendant claims error because trial court did not admit his proffered exhibits 2 and 3.

These constituted written disciplinary records of the penitentiary relating to prior incidents in which defendant had misused his prescribed medication. These occurrences, as shown by the exhibits, were on November 13, 1965 and May 16, 1967, approximately four and two years before the homicide on April 11, 1969. Neither record indicated any violence on the part of defendant.

■ State's objection to these exhibits on the grounds that they were irrelevant, incompetent and immaterial was sustained. Questions of the relevance and materiality of evidence rest largely within the sound discretion of the trial court. State v. Wilson, 173 N.W.2d 563 (Iowa 1970); State v. Anderson, 159 N.W.2d 809 (Iowa 1968). We have defined relevancy to mean the logical relationship between the proposed evidence and a fact to be established. State v. Wilson, 173 N.W.2d 563 (Iowa 1970); State v. Knox, 236 Iowa 499, 18 N.W.2d 716.

In the case before us the evidence is uncontroverted that defendant was given many different medications at various times over the period of his incarceration. The record is devoid of evidence of any similarity of drugs used or comparable conditions in the prior instances of drug abuse. The offered exhibits thus had no demonstrable relevancy to the claimed drug intoxication of defendant on April 11, 1969.

■ In order that there may be proof that similar causes produce like results there must also be proof of substantial similarity of all the conditions that might enter into or affect the result. Christianson v. Kramer, 257 Iowa 974, 135 N.W.2d 644; Crouch v. National Livestock Remedy Co., 205 Iowa 51, 217 N.W. 557. It is also within the sound discretion of the trial court to exclude evidence which, although deemed to be relevant, appears too remote to be material or to have any probative value on the issues in the case. State v. Schlak, 253 Iowa 113, 111 N.W.2d 289; Brower v. Quick, 249 Iowa 569, 88 N.W.2d 120; State v. Childers, 202 Iowa 1377, 212 N.W. 63; 22A C.J.S. Criminal Law § 638, p. 500; 29 Am.Jur.2d, Evidence, section 253, Pages 304, 305.

The incidents disclosed by the rejected exhibits were not only remote in time but lacked the open and visible connection with the principal facts required for admission into evidence. The most that can be claimed for these documents is a tendency to prove defendant's proclivity toward drug abuse. However, defendant was permitted to testify without objection or later contra-

diction that he had on several prior occasions saved up his pills to "take a trip".

Exclusion of evidence tending to show a certain fact is not reversible error, where the fact in question is fully established by other admitted evidence. Durant Elevator Co. v. S. J. Hoffman & Sons, 259 Iowa 500, 145 N.W.2d 25; Ankeney v. Brenton, 214 Iowa 357, 238 N.W. 71; Handlon v. Henshaw, 206 Iowa 771, 221 N.W. 489; J. N. Dunlop & Co. v. Anderson, 153 Iowa 488, 133 N.W. 910. The application of this rule to the above facts disposes of defendant's second assigned error.

We find no reversible error. The judgment of the trial court is affirmed.

Affirmed.

All Justices concur.