L. Dale SHAWHAN, Delores A. Shawhan, and L. Dale Shawhan as Guardian and Conservator of Kimberly Kay Shawhan, Appellants,

v.

POLK COUNTY, Iowa, Appellee.

No. 86–963.

Supreme Court of Iowa.

March 16, 1988.

Rehearing Denied April 8, 1988.

Richard G. Langdon and Ross A. Walters of Herrick, Langdon & Langdon, Des Moines, for appellants.

David W. Hibbard and Norman G. Jesse, Asst. Co. Attys., for appellee.

SCHULTZ, Justice.

This appeal involves the admissibility of evidence showing an accident victim's past use of illegal drugs. Kimberly Kay Shawhan and her parents L. Dale and Delores A. Shawhan sued Polk County for damages arising from injuries suffered by Kimberly in a one-vehicle accident. Plaintiffs alleged that defendant was negligent in the construction and maintenance of the rural road where the accident occurred. At trial the court admitted evidence of Kimberly's past illegal drug use. While we believe the evidence should have been excluded, the record affirmatively demonstrates that the evidence did not affect the outcome of the trial. Because substantial rights of the plaintiffs were not affected by the court's ruling, we affirm.

In January 1980 Kimberly, then age 18, became intoxicated at a local tavern. Later, after leaving the tavern she drove an automobile off the road and into an embankment. As a result of the accident she suffered severe, permanent, and disabling brain damage. A physician testified that it would be almost impossible for her to ever live independently and without supervision.

Kimberly sought damages for her permanent disability, continued pain and suffering, and future expenses. She withdrew her claim of damages for loss of earnings or earning capacity. The parents sought damages for the cost of providing for her support and maintenance.

Over plaintiffs' objection the court admitted into evidence excerpts from two depositions concerning Kimberly's past use of marijuana, cocaine, "acid," and "speed." There was no evidence that Kimberly had used these drugs at any time proximate to her accident or that her past drug use in any way contributed to the accident. The evidence of past drug use was offered by defendant as bearing on Kimberly's life expectancy, a matter raised by plaintiffs' claims for damages. Plaintiffs objected to this evidence, raising the issues of whether it was relevant, see Iowa R.Evid. 401, 402, and if so whether its probative value was outweighed by the potential for unfair prejudice if allowed, see Iowa R.Evid. 403. We must decide whether the trial court abused its discretion in admitting this evidence and, if it did err, whether substantial rights of the plaintiffs were affected, see Iowa R.Evid. 103(a).

Evidence is relevant when it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Iowa R.Evid. 401. However, even relevant evidence is not admissible "if its probative value is substantially outweighed by the danger of unfair prejudice." Iowa R.Evid. 403. Issues of relevancy and prejudice are matters normally left to the discretion of the trial court; we reverse the trial court only when we find a clear abuse of that discretion. *State v. Roth*, 403 N.W.2d 762, 765 (Iowa 1987).

Defendant urges that evidence concerning Kimberly's past drug use is admissible under the general rule that evidence of a plaintiff's sobriety or intemperance is relevant to issues of life expectancy. *See Century "21" Shows v. Owens*, 400 F.2d 603, 610 (8th Cir.1968); *cf. Iowa–Des Moines Nat'l. Bank v. Schwerman Trucking Co.*, 288 N.W.2d 198, 201 (Iowa 1980); *Ehlinger v. State*, 237 N.W.2d 784, 792 (Iowa 1976).

However, we have serious doubts whether the evidence of Kimberly's past drug use would be relevant to any material issue, especially since there was no foundational proof that adolescent drug use lessens life expectancy. Given her present condition and need for supervision it is highly unlikely that she will ever be able to use drugs in the future.

Despite our concerns with the trial court's resolution of this matter we need not decide whether the evidence was relevant. We hold that even if the evidence was relevant the trial court abused its discretion in concluding that the probative value of the evidence outweighed the danger of unfair prejudice. See Iowa R.Evid. 403. The challenged evidence was that Kimberly used marijuana four to five times a week and occasionally used cocaine, "acid" and "speed." Assuming that this evidence was in some sense relevant, we conclude that its probative value is negligible. There was no showing whatsoever that her use of illegal drugs had any relation to the car accident, and there was no evidence that Kimberly's adolescent drug use, which has since been discontinued, will have any significant effect on her life expectancy.

In contrast to the lack of probative value, the potential this evidence has for causing unfair prejudice is high. See Harless v. Boyle–Midway Div., Am. Home Prod., 594 F.2d 1051, 1058 (5th Cir.1979) (testimony concerning isolated marijuana use is "precisely the type of highly prejudicial evidence that should be excluded."); United States v. Ong, 541 F.2d 331, 339–40 (2d Cir.1976), cert. denied, 429 U.S. 1075, 97 S.Ct. 814, 50 L.Ed.2d 793 (1977) ("there are few subjects more potentially inflammatory than narcotics and thus such evidence should usually be excluded in a non-narcotics trial"). Confronted with this evidence of prior drug use there is serious danger that a jury would conclude that Kimberly was a "bad person" and thus less entitled to recover damages. We hold that the trial court abused its discretion in admitting this highly prejudicial evidence.

■ Our conclusion that the trial court improperly allowed evidence of past drug use does not end our inquiry. Not all evidentiary errors require reversal of the trial court judgment. Iowa Rule of Evidence 103(a) states that "[e]rror may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected." While a presumption of prejudice arises when the trial court has received inadmissible evidence over proper objection, that presumption will not suffice if the record demonstrates a lack of prejudice. See Beeck v. Aquaslide 'n' Dive Corp., 350 N.W.2d 149, 170 (Iowa 1984); Vine St. Corp. v. City of Council Bluffs, 220 N.W.2d 860, 863 (Iowa 1974). In addition, we must construe our rules of evidence "to secure fairness in administration, elimination of unjustifiable expense and delay, and promotion of growth and development of the law of evidence to the end that the truth may be ascertained and proceedings justly determined." Iowa R.Evid. 102. Consequently, this court should reverse only when justice would not be served by allowing the trial court judgment to stand.

With these principles in mind, we conclude that the evidentiary error does not require reversal, because it did not affect a substantial right of the plaintiffs. See Iowa R.Evid. 103(a). Evidence of Kimberly's previous drug use was offered on the issue of life expectancy, a matter relevant to the issue of damages. However, the jury found by special verdict that defendant county was not negligent and there was substantial evidence in the record to support that finding. In addition, the jury found that under common law comparative negligence Kimberly was ninety percent at fault and the dram shop which had sold her liquor was ten percent at fault. Because the dram shop was not a party to this action, the issue of damages was irrelevant. Because defendant was not liable at all to plaintiffs any error admitting evidence on the damages issue was incidental. The trial court's error does not merit reversal.

Our conclusion that no reversible error exists in this case is supported by past decisions. We have previously held that an

improper ruling on evidence offered to prove damages is not reversible error when the jury finds in favor of the defendant on liability. *See Galbraith v. George,* 217 N.W.2d 598, 603 (Iowa 1974); *Christianson v. Kramer,* 257 Iowa 974, 978–79, 135 N.W.2d 644, 647 (1965). We have also held that an answer to a special interrogatory finding a plaintiff free from contributory negligence obviates error arising from admitting evidence bearing on the plaintiff's negligence. *Oakes v. Peter Pan Bakers, Inc.,* 258 Iowa 447, 452, 138 N.W.2d 93, 96–97 (1965).

■ Plaintiffs argue that the evidence of prior drug use was so inflammatory that it prejudiced the jury in determining all issues, including whether the defendant was negligent. As proof, they point out that the jury returned special verdicts stating that Kimberly and her parents had sustained no damages whatsoever, despite uncontroverted evidence to the contrary. This contention is misleading. An examination of the instructions reveals that the jury was instructed as follows: "If, under these Instructions, you find plaintiff Kimberly Kay Shawhan entitled to recover, it will be your duty to fix the fair and reasonable amount of damage...." A similar instruction was given on each parent's claim for damages. From these instructions the jury could infer that they were only to award damages if the plaintiffs were entitled to recover against the defendant. Therefore the determination of zero damages lacks the significance urged by plaintiffs. We find no merit in the claim that the denial of damages indicates jury prejudice. We simply cannot assume that the jury failed to follow the court's instructions on negligence because it was prejudiced by the improper evidence.

In summary, we conclude that the trial court's error did not affect a substantial right of the plaintiffs. Our holding is consistent with the stated purposes of Iowa Rule of Evidence 102. This was a long and extended trial of over two weeks. The accident occurred six years before the date of the verdict and the verdict was reached more than five years after the action was commenced. This action is not a model of expeditiousness. Because the county was a party, venue was changed to Linn County. The parties, witnesses, counsel and the court were required to travel 150 miles or more for the purpose of trial. Frankly, we do not know why the trial was not held in an adjoining county. This has been an expensive and complicated proceeding. The error in this case did not affect the determination that the county was not negligent. Thus, our affirmance of the trial court's judgment is consistent with substantial justice.

AFFIRMED.

All Justices concur except McGIVERIN, C.J., who concurs specially, and LAVORATO, CARTER, SNELL, and ANDREASEN, JJ., who dissent.

McGIVERIN, Chief Justice (concurring in result).

I would affirm the judgment of the district court in favor of defendant Polk County for reasons different from the majority opinion.

The fighting question is whether the trial court abused its discretion in admitting into the record before the jury, over plaintiffs' relevancy objection, evidence by defendant of Kimberly's use in the past of marijuana four to five times each week and use of cocaine, L.S.D. and amphetamines occasionally. There was no contention this drug use caused the accident.

Kimberly was age 18 at the time of the accident and apparently was a drug abuser.

Kimberly sought damages for permanent disability, future expenses and continued pain and suffering from her accident injuries.

Her life expectancy is a valid consideration in assessing the duration and amount of her claimed future damages. An expert for plaintiff used the standard mortality table, *see* III Iowa Code at 1200 (1987), to estimate her life expectancy without considering any lessening of her life span due to other factors relevant to her.

Evidence of a person's sobriety or intemperance does bear on his or her life expectancy. *See Century "21" Shows v. Owens,* 400 F.2d 603, 610 (8th Cir.1968); *cf. Iowa–Des Moines Nat'l Bank v. Schwerman Trucking Co.,* 288 N.W.2d 198, 201 (Iowa 1980); *Ehlinger v. State,* 237 N.W.2d 784, 792 (Iowa 1976). In the *Owens* case, evidence of past use of intoxicants was admitted because of the possible effect such intoxicants would have on the personal injury plaintiff's longevity. 400 F.2d at 610.

The present issue boils down to a discretionary judgment call by the trial court when considering plaintiff's relevancy objection under Iowa Rule of Evidence 403 as to whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice to plaintiffs. The trial court exercised its discretion and allowed the evidence.

In order to reverse that ruling, we must say the trial court clearly abused its discretion. *Gail v. Clark,* 410 N.W.2d 662, 672 (Iowa 1987). We find such an abuse only when the trial court exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *Frank v. Iowa Dep't. of Transp.,* 386 N.W. 2d 86, 88 (Iowa 1986).

When a plaintiff seeks damages on which her life expectancy is relevant, I would conclude she has placed in issue factors such as her sobriety and intemperance as they may bear on her life expectancy. A jury is entitled to this information when asked to assess her claim for future damages. Expert testimony as to the effect of drug abuse on a plaintiff's life expectancy should not be necessary as a foundation before the jury could assess this evidence.

The trial court's discretionary ruling was not clearly untenable or clearly unreasonable.

For the above reasons, I concur in the result that the court's judgment should be affirmed.

LAVORATO, Justice (dissenting).

I am not convinced this record affirmatively overcomes the presumption of prejudice triggered by the inadmissible evidence of past drug use. *See Vine St. Corp. v. City of Council Bluffs,* 220 N.W.2d 860, 863 (Iowa 1974) ("Prejudice is presumed when error appears unless the contrary is affirmatively established."). I think the jury's answers to the issues in the special verdict form can reasonably be interpreted as a finding that Kimberly suffered *no* damages. Such a finding is so overwhelmingly against the weight of the evidence that I can reach but one conclusion: this unfairly prejudicial and devastating evidence affected not only the jury's determination of damages but also its determination of liability. Consequently, I think the error did affect a substantial right of the plaintiffs. *See* Iowa R.Evid. 103(a).

There comes a time when error in a trial is so patently prejudicial and unfair that we should not attempt to rationalize it away once it is properly brought to our attention. This is such a case.

One such rationalization implied by the majority is particularly disturbing because it suggests a dangerous precedent. I agree that a litigant is entitled to only one fair trial. Until that happens, however, the amount of time and expense expended should not justify putting the case to rest.

I would reverse and remand for a new trial.

CARTER, SNELL and ANDREASEN, JJ., join this dissent.