Alyce M. WARD, As Administrator of the Estate of Terry B. Ward, Deceased, Plaintiff–Appellant/Defendant to Counterclaim/Cross–Appellee,

v.

**LOOMIS BROTHERS, INC.,**
**Defendant–Appellee,**

and

Paulson Electric Company, Inc., Defendant–Appellee/Counterclaimant/Cross–Appellant.

LOOMIS BROTHERS, INC., Cross–Claimant/Cross–Appellant,

v.

PAULSON ELECTRIC COMPANY, INC., Defendant to Cross–Claim/Cross–Appellee.

PAULSON ELECTRIC COMPANY, INC., Third–Party Plaintiff/Cross–Appellant,

v.

FIVE SEASONS PAINT & DRYWALL, INC., Third–Party Defendant/Cross–Appellee.

No. 93–1480.

Court of Appeals of Iowa.

March 30, 1995.

John Riccolo and David L. Baker of Riccolo & Baker, P.C., Cedar Rapids, for appellant.

J. Richard Johnson and Ann M. Cisco of White & Johnson, P.C., Cedar Rapids, for appellee Loomis Bros.

James M. Powers and Mark H. Rettig of Hines, Pence, Day & Powers, P.C., Cedar Rapids, for appellee Paulson Elec. Co.

John M. Bickel and Diane Kutzko of Shuttleworth & Ingersoll, P.C., Cedar Rapids, for appellee Five Seasons Paint & Drywall.

Considered by DONIELSON, C.J., and SACKETT and HABHAB, JJ.

SACKETT, Judge.

This appeal follows a wrongful death action filed by plaintiff-appellant Alyce M. Ward, the administrator of the estate of Terry B. Ward. Terry, a painter, was killed when he fell from a scissors lift not properly secured. At the time of his fall, Terry was working as a painter for third-party defendant/cross-appellee Five Seasons Paint and Drywall, Inc. The scissors lift belonged to defendant-appellee/counter-claimant/cross-appellant and third-party plaintiff/cross-appellee Paulson Electric Co., Inc. Loomis Brothers, Inc., cross-claimant/cross-appellant was the general contractor on the job.

The Ward estate sued Loomis, the general contractor, claiming it was negligent in fixing the floor on which the lift rested. The estate also sued Paulson as the owner of the scissors lift. Loomis cross-claimed against Paulson contending Paulson owed them a contractual duty to indemnify and contribute. Paulson counterclaimed against the estate complaining the decedent had converted its lift

and, by doing so, subjected them to defense costs. Paulson further sought indemnity against Five Seasons, decedent's employer. All claims, except the claim of the estate against Loomis, were dismissed on summary judgment or directed verdict.

The jury found Loomis negligent and decedent negligent. Sixty percent of the fault was attributed to Loomis and forty percent of the fault was attributed to decedent. The jury awarded medical expenses of $9133.30 and funeral expenses of $1770.72. The court found no damages for pain and suffering and made no award for the loss of accumulation of decedent's estate. This appeal follows.

### APPEAL OF APPELLANT ALYCE M. WARD, ADMINISTRATOR OF THE ESTATE OF TERRY B. WARD

■ The first issue raised by the estate is the trial court erred in allowing evidence of decedent's use of marijuana to be admitted in evidence and in submitting decedent's marijuana use as a specification of fault.

With reference to the challenged instruction, the estate argues the instruction was erroneous because: (1) the term "using marijuana" in the instruction was not specific and did not provide the jury the necessary guidance; and (2) there was no basis in the evidence to support the giving of the instruction.

■ The first challenge directed to the specificity of the instruction was not urged at trial. Therefore, it was not preserved for review. Matters not raised in the trial court will not be considered on appeal. *See Conner v. State*, 362 N.W.2d 449, 457 (Iowa 1985); *State v. Lyon*, 223 N.W.2d 193, 194 (Iowa 1974).

We next address the estate's claim there was not substantial evidence to support the giving of the instruction on decedent's use of marijuana.

The following instruction was given:

Loomis Brothers, Inc., claims that Plaintiff's decedent, Terry B. Ward, was at fault in one or more of the following particulars:

. . . .

B. In using marijuana in such a manner which impaired him on the day of the accident.

These grounds of fault have been explained to you in other instructions.

The Defendant must prove both of the following propositions:

(1) The Plaintiff's decedent, Terry B. Ward, was at fault.

(2) The Plaintiff's decedent, Terry B. Ward's fault was a proximate cause of Plaintiff's damage.

If Loomis Brothers, Inc., has failed to prove either of these propositions, this Defendant has not proved its defense.

■ To assess whether an instruction should have been given, we look at the evidence in the light most favorable to the defendant to determine if there is substantial support in the evidence for the instruction. *See Irons v. Community State Bank*, 461 N.W.2d 849, 856 (Iowa App.1990).

Evidence was introduced decedent was a long-time marijuana user and he had been known to smoke marijuana while working. There also was evidence introduced a urine drug screen done on decedent tested positive for marijuana after the accident. Medical evidence introduced interpreting the screen was the marijuana use could have been from three hours to thirty days prior to the time of the test.

There also was evidence decedent did not exhibit concern for his own safety. Decedent was using the scissors lift in an extended position and working without stabilizing outriggers. There was testimony decedent was told to come down from the lift twice by his boss, and he did not pay attention to the commands. He fell a short time later. Testimony was introduced that one under the effect of marijuana may lack concern for his or her own safety. The medical examiner testified he was familiar with the effects of chronic marijuana use and symptoms called amotivational syndrome where the chronic user's motivation and achievement is lowered.

■ In *Sechler v. State*, 340 N.W.2d 759 (Iowa 1983), the Iowa court considered the issue of an injured party's use of a controlled

substance (in that case alcohol) and said, "the act of driving while intoxicated in violation of Iowa Code section 321.281 is not negligent per se and thus not conclusive evidence of contributory negligence so as to bar recovery." [1] *Id.* at 766; *see also Yost v. Miner,* 163 N.W.2d 557, 561 (Iowa 1968); *Chandler v. Harger,* 253 Iowa 565, 572, 113 N.W.2d 250, 253 (1962); *Nicholson v. City of Des Moines,* 246 Iowa 318, 324, 67 N.W.2d 533, 537 (1954). A drunken driver may; however, be found negligent and barred from recovery if his intoxicated condition is translated into outward conduct which is negligent and bears a causal relation to his injury. *Yost,* 163 N.W.2d at 561. The matter of intoxication and its causal relationship to the injury are questions that must be decided by the fact finder. *See id.*

Contrary to the estate's contention, there was evidence to support a finding decedent had an impairment from marijuana use at or near the time of the fall and the impairment bore a causal relationship to his fall. *See id.* We find no error in the trial court's instruction.

■ The estate's second contention is the introduction of evidence of drug use in the record was prejudicial. We agree with the estate, evidence of drug use can be prejudicial. We also agree there are strong attitudes against drug use. The introduction of evidence of drug use could cause the jury to consider the evidence shows the person who uses drugs is a bad person and could prejudice his or her case. *See Shawhan v. Polk County,* 420 N.W.2d 808, 810 (Iowa 1988). Our inquiry does not end here.

■ In considering whether or not the evidence should have been admitted, we review for an abuse of discretion. *Id.* at 809. Admission is justified where there is a showing the use of an illegal drug has relation to the incident in question and/or where it is relevant to the damage issue. *See id.* at 810–11. We do not look at the drug test in isolation. *See Johnson v. WATA,* 764 F.Supp. 1568, 1578 (D.C.Cir.1991).

Several inferences can be drawn from the evidence. *See id.* First, as discussed earlier, it bears on the question of decedent's lack of concern for his own safety prior to the accident. There is both evidence decedent did not appear concerned about his own safety and the use of marijuana can cause a user not to be concerned about his or her own safety.

Second, decedent's use of marijuana, particularly his extended use, is relevant on the issue of his projected future earnings and the question of loss of value to his estate. *See Lang v. City of Des Moines,* 294 N.W.2d 557, 562–63 (Iowa 1980) (evidence of alcoholism is relevant in determining future earnings); *Century '21' Shows v. Owens,* 400 F.2d 603, 610 (8th Cir.1968) (court, in applying Iowa law, considered it proper to look at a victim's alcohol consumption habits with respect to longevity issues in calculation of damages). The long-term (twelve year) marijuana use of decedent was relevant and probative in assisting the jury assess the value of decedent's estate. We find no error here. The trial court did not abuse its discretion in admitting the evidence.

■ The estate next contends the trial court erred in allowing the jury to take articles or treatises with them in the jury room to use during deliberations. The estate and defendant introduced articles concerning the use of and testing for marijuana. On appeal, the estate contends these articles were only admissible under Iowa Rule of Evidence 803(18) and the manner they were used was contrary to the rule. Iowa Rule of Evidence 803(18) provides:

**Learned Treatises.** To the extent called to the attention of an expert witness upon cross-examination or relied upon by that witness in direct examination, statements contained in published treatises, periodicals, or pamphlets on a subject of history, medicine, or other science or art, established as a reliable authority by the testimony or admission of the witness or by other expert testimony or by judicial notice. *If admitted, the statements may be*

---

1. At the time of *Sechler,* proof of contributory negligence could bar a plaintiff's cause of action in Iowa.

*read into evidence but may not be received as exhibits.* (Emphasis supplied).

We agree with the estate, rule 803(18) excludes the articles from being admitted as exhibits and being taken by the jury to its deliberations. We do not, however, find this objection was properly preserved at the trial court level for consideration on appeal.

The three treatises, one introduced by the estate and two introduced by the defendants, were admitted in evidence as exhibits. While the estate objected to their going to the jury room, the estate's objection was neither timely nor did it specifically call to the trial court's attention the rule of evidence now relied on for reversal.

■■■ The objection made to the instruction at trial did not clearly call to the trial court's attention the challenge the estate now makes. To preserve error for appeal, the objection must be clearly called to the trial court's attention when the instruction is submitted. *See State v. LeCompte,* 327 N.W.2d 221, 223 (Iowa 1982). Issues not properly preserved at the trial court may not be raised for the first time on appeal. *See Conner,* 362 N.W.2d at 457. We, therefore, reject this challenge.

■■■ The estate's next contention is the damage award was inadequate as a matter of law. It contends there was substantial evidence from which the jury could find a loss to the estate and it should have a new trial because the jury failed to do so. A party may be granted a new trial when a jury awards excessive or inadequate damages. *See* Iowa R.Civ.P. 244(d). In ruling on a motion for new trial, the trial court has broad but not unlimited discretion. *See Cowan v. Flannery,* 461 N.W.2d 155, 157 (Iowa 1990). We are slower to interfere with an order granting a new trial than with a denial of an order granting a new trial. Iowa R.App.P. 14(f)(4).

There was evidence at trial from an economist that decedent would not have accumulated any assets to leave an estate should he have lived his life expectancy.

Only two tax returns of decedent were available. The highest annual earning shown was $5640. His probate inventory shows the only assets at his death were a used pickup worth less than $2000 and a $3000 life insurance policy. While there was evidence an average person would have an estate and the jury might have considered this testimony in assessing the loss to the estate, that is not the question.

■■■ A jury, as a trier of fact, can accept or reject all or part of the testimony of any witness. *See Kautman v. Mar–Mac Community School Dist.,* 255 N.W.2d 146, 148 (Iowa 1977); *Young v. Gibson,* 423 N.W.2d 208, 210 (Iowa App.1988). There was support in the record for the jury's decision to make no award for a lack of accumulation to the estate. We find no error on this issue.

The estate's next claim is the jury was not properly instructed on the issue of proximate cause. We have assessed the issue and looked to the case of *Jones v. City of Des Moines,* 355 N.W.2d 49 (Iowa 1984). We find no error here.

This concludes the estate's claims of error.

## LOOMIS

■■■ Loomis contends the trial court erred in dismissing their cross-claim against Paulson and they are entitled to indemnity for any judgment entered against them for attorney fees, disbursements, and costs in defending.

The language of the contract of indemnity between Loomis and Paulson was:

SECTION 10. It is understood and agreed that this Sub–Contractor will indemnify and save harmless the General Contractor and the owner from and against any and all claims for injury or death to persons or damage to property (including costs of litigation and attorneys' fees) in any manner caused by, arising from, incident to, connected with or growing out of the work to be performed under this contract regardless of whether such claim is alleged to be caused, in whole or in part, by negligence or otherwise on the part of the Sub–Contractor, its employees, agents, servants or assigns, the owner and Loomis Bros., Inc.

Loomis contends the issue is one of indemnity and it is not necessary they show negligence on the part of Paulson. We do not interpret the contract of indemnity as covering this situation.

The question is whether the accident rose from the work Paulson did as an electrical contractor. Loomis does not deny decedent's accident was incident to the painting contract Loomis had with Five Seasons, not with their electrical contract with Paulson. Decedent was working for Five Seasons when he fell.

The claim against Loomis was based on the work they did or did not do concerning the floor. The only involvement Paulson had with the injury was the unauthorized use of its equipment.

■ The right to indemnity is equitable in nature. *Howell v. River Prods. Co.,* 379 N.W.2d 919, 921 (Iowa 1986). We find the Loomis claim against Paulson was properly dismissed.

### PAULSON

■ Paulson contends they have a right against Five Seasons.

■ A prerequisite for establishing a claim for relief is a duty. *Shaw v. Soo Line R.R. Co.,* 463 N.W.2d 51, 53 (Iowa 1990); *Bain v. Gillispie,* 357 N.W.2d 47, 49 (Iowa App.1984). Whether a duty exists is a legal determination. *See Shaw,* 463 N.W.2d at 53.

■ There was no written or oral contract between Paulson and Five Seasons. Paulson claims a duty because, as the employers, the lift was used without permission; however, no judgment has been rendered against Paulson. We find no basis to order attorney fees and costs of defense. The general rule is attorney fees are not recoverable unless authorized by statute or contract. *See Tucker v. Nason,* 249 Iowa 496, 499–503, 87 N.W.2d 547, 549–50 (1958). Attorney fees are generally not recoverable as damages in the absence of statute or a provision in a written contract. *Suss v. Schammel,* 375

N.W.2d 252, 256 (Iowa 1985). We affirm on this issue.

**AFFIRMED.**