**IN THE COURT OF APPEALS OF IOWA**

No. 17-0300
Filed March 21, 2018

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**STEVEN W. CHANEY,**
     Defendant-Appellant.
_____

     Appeal from the Iowa District Court for Scott County, Cheryl E. Traum,
District Associate Judge.

     Steven Chaney appeals his convictions for driving while barred as a habitual
offender, assault on persons engaged in certain occupations, driving under
suspension, and interference with official acts.  **AFFIRMED.**

     Stuart G. Hoover of Blair & Fitzsimmons, P.C., Dubuque, for appellant.

     Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant
Attorney General, for appellee.

     Considered by Danilson, C.J., and Vaitheswaran and Bower, JJ.

**VAITHESWARAN, Judge.**

A concerned citizen called 911 after seeing a man, later identified as Steven Chaney, driving a vehicle "all over the road." A Bettendorf patrol officer arrived at the scene and pulled the keys from the ignition. Chaney got out of the vehicle and "came at him." Chaney also kicked a police sergeant.

The State charged Chaney with driving while barred as a habitual offender, two counts of assault on persons engaged in certain occupations, two counts of driving under suspension, and two counts of interference with official acts. *See* Iowa Code §§ 321.218, 321A.32(1), 321.555, 321.561, 708.3A(4), 719.1(1)(b) (2016). A jury found him guilty as charged.

On appeal, Chaney contends he was denied a fair trial based on "[t]he State's repeated and surreptitious references to alcohol and intoxication over the duration of the trial." The State preliminarily responds with an error preservation concern.

Chaney did not object to the alcohol-related evidence as it was introduced at trial. The State argues he was required to do so to preserve error. *See State v. Martin*, 704 N.W.2d 665, 669 (Iowa 2005) ("Generally, when a party makes no objection to the reception of evidence at trial, the matter will not be reviewed on appeal." (quoting *Wirtanen v. Provin*, 293 N.W.2d 252, 257 (Iowa 1980))). However, Chaney filed a pretrial motion in limine to exclude the phrase "intoxicated driver," a beer can recovered by the first officer, and "any testimony or evidence regarding 'alcohol.'" The district court summarily denied the motion. The ruling left no doubt about the court's view on the admissibility of the evidence. We

conclude the ruling sufficed to preserve error. *See State v. Daly*, 623 N.W.2d 799, 800 (Iowa 2001). We proceed to the merits.

Chaney argues the prosecutor's efforts to "[s]hepard[] evidence before the jury of [his] intoxication is of no relevance to the case." *See Shawhan v. Polk Cty.*, 420 N.W.2d 808, 810 (Iowa 1988) (expressing "serious doubts whether the evidence . . . would be relevant to any material issue"). He also asserts the probative value of the evidence was outweighed by its prejudicial effect. Finally, he contends the evidence deprived him of a fair trial. We begin and end with the relevancy question. Evidence is relevant when it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Iowa R. Evid. 5.401.

The State did not charge Chaney with operating a motor vehicle while intoxicated. The State charged him with driving while barred, driving while under suspension, assault on peace officers, and interference with official acts.

The jury was instructed that driving while barred requires the State to prove Chaney operated a motor vehicle on a public roadway with a barred driver's license. The jury was further instructed that driving under suspension required the State to prove Chaney's "right to operate a motor vehicle in the State of Iowa had been suspended for having been declared a habitual traffic violator and/or failure to pay fines owed to the State of Iowa." The assault charge required proof of the following elements:

> 1. On or about the 3rd day of June, 2016, the defendant did an act which was intended to cause pain or injury, result in physical contact which was insulting or offensive, or place [the officer] in fear

of an immediate physical contact which would have been painful, injurious, insulting or offensive to [the officer].
> 2. The defendant had the apparent ability to do the act.
> 3. The defendant knew that [the officer] was a police officer.

Interference with official acts required the State to prove:

> 1. On or about the 3rd day of June, 2016, the defendant knew [the officer] was a peace officer who was attempting to identify the defendant.
> 2. The defendant knowingly resisted or obstructed [the officer] in identifying the defendant.

None of these crimes required proof of alcohol consumption or intoxication. In summarizing the elements of the crimes during closing argument, the prosecutor conceded as much. This fact alone would have augured in favor of granting the motion in limine or, in the alternative, declining to make a final ruling until the evidence was offered at trial. With the benefit of the district court's unequivocal denial of Chaney's motion to exclude alcohol-related evidence, the prosecutor proceeded to introduce extensive evidence on the subject.

The State began by questioning the concerned citizen who called 911. The citizen testified he made the call because he thought the driver was having a medical emergency. The prosecutor asked the citizen to elaborate, and the citizen stated he thought the driver "possibly could have been driving drunk." This testimony may have been marginally relevant to establish why the concerned citizen called 911. But the prosecutor did not stop there. He proceeded to ask the citizen about his personal reasons for not wanting a drunk driver on the road and elicited a response that he did not want his son killed by a drunk driver. He also asked whether the citizen's observations of Chaney coincided with his personal knowledge of intoxication, whether he saw Chaney drinking beer, and the size of

the beer can. Similarly, the prosecutor elicited testimony from the patrol officer about the beer can and testimony about why the officer did not pursue an operating while intoxicated (OWI) investigation. The prosecutor also asked the sergeant about the aborted OWI investigation. None of this additional testimony was even marginally relevant to the charges Chaney faced. The evidence was inadmissible and should have been excluded. We conclude the summary denial of the motion in limine, which resulted in the admission of this testimony, amounted to an abuse of discretion. *Cf. Pexa v. Auto Owners Ins. Co.*, 686 N.W.2d 150, 159 (Iowa 2004) (concluding district court did not abuse its discretion in excluding evidence of the tortfeasor's intoxication); *Tim McCandless, Inc. v. Yagla*, No. 09-1738, 2011 WL 578692, *1 (Iowa 2011) (concluding district court erred in allowing the plaintiff to present evidence of alcohol on an attorney's breath).

Our inquiry cannot end here because "[n]ot every ruling admitting irrelevant evidence requires reversal." *McClure v. Walgreen Co.*, 613 N.W.2d 225, 235 (Iowa 2000) (citing *Shawhan v. Polk Cty.*, 420 N.W.2d 808, 810 (Iowa 1988)). "Although a presumption of prejudice arises when the district court has received irrelevant evidence over a proper objection, the presumption is not sufficient to require reversal if the record shows a lack of prejudice." *Id.* (citing *Shawhan,* 420 N.W.2d at 810). The record shows a lack of prejudice.

Representing himself, Chaney skillfully cross-examined the officers and established the alcohol-related evidence introduced by the State was irrelevant. The following exchange with the patrol officer is instructive:

> Q. There was no OWI done, correct? A. Correct.

> Q. [S]ince you didn't do an OWI, it is safe to say that anything concerning or regarding an OWI is just speculation, because there was no OWI testing done, so therefore your statement in regards to my being intoxicated or the probability of me being intoxicated is pure speculation then? A. Correct.

And, the following question directed to the sergeant confirmed the irrelevancy of the evidence: "Q. [S]o there's no evidence for an OWI, right? A. That's correct." Chaney effectively informed the jury to disregard the evidence.

In addition, the evidence other than the inadmissible alcohol-related evidence was overwhelming. *See State v. Rodriguez*, 636 N.W.2d 234, 244 (Iowa 2001). On the driving-while-barred charge, the State introduced an official document establishing the status of Chaney's license. Chaney also conceded his license was barred. Although he made a valiant effort to persuade the jury he was not driving the vehicle, the citizen's description of the driver and driver's clothing left little doubt he was the operator. As for the remaining crimes, the officers testified to the suspension of Chaney's license, his assaults on them, and his interference with their attempts to identify him. Neither Chaney's cross-examination of the State's witnesses nor his direct testimony materially undermined this evidence. Because the district court's denial of the motion in limine and the resulting admission of irrelevant evidence amounted to harmless error, we affirm Chaney's convictions for all the crimes.

Chaney also argues the prosecutor committed misconduct in eliciting the inadmissible alcohol-related testimony. Assuming without deciding the prosecutor's questioning rose to the level of misconduct, Chaney could not establish prejudice. *See State v. Plain*, 898 N.W.2d 801, 820-21 (Iowa 2017)

(finding "strong evidence in support of" the defendant's conviction).

**AFFIRMED.**