# IN THE COURT OF APPEALS OF IOWA

No. 23-1809
Filed August 21, 2024

**JUSTIN LOPER,**
    Plaintiff-Appellant,

**vs.**

**BARK CHIROPRACTIC & REHAB CLINIC, LLC and BRADLEY BARK, D.C.,**
    Defendants-Appellees.
_____

    Appeal from the Iowa District Court for Muscatine County, Tamra Roberts, Judge.

    Plaintiff appeals from a jury verdict and district court judgment to the same finding the appellees not liable for alleged injuries and damages incurred by the plaintiff. **AFFIRMED.**

    James H. Cook of Daniels, Hines, Kalkhoff, Cook & Swanson, P.L.C., Cedar Falls, for appellant.

    Mark A. Schultheis of Schultheis White, PLC, Des Moines, for appellees.

    Considered by Badding, P.J., and Langholz and Sandy, JJ.

**SANDY, Judge.**

Justin Loper appeals from a jury verdict and district court judgment to the same finding the appellees, Bradley Bark, D.C. and Bark Chiropractic & Rehab Clinic, LLC, not liable for alleged injuries and damages sustained by Loper.  Loper argues the district court erred in permitting cross-examination of an expert witness concerning prior allegations made by the Iowa Board of Medicine against the expert witness.  Finding that Loper has failed to preserve error on his statutory argument, we affirm the district court's judgment.

## I.  Background Facts and Proceedings

Loper filed an action for chiropractic malpractice resulting in bodily injury, naming Bradley Bark, D.C.; Austin Porter, D.C.; and Bark Chiropractic & Rehab Clinic, LLC as defendants.  Porter was later dismissed as a party by Loper.  The case was tried before a jury.

Loper designated Dr. David Segal as an expert witness at trial to offer testimony about his independent medical examination of Loper, the opinions he formed concerning the nature of Loper's injury based on that examination, and the causal relationship between that injury and the chiropractic treatment provided by defendants.  Dr. Segal did not testify to the element of fault.  Prior to the second day of trial, Loper moved in limine to exclude any evidence of Dr. Segal's disciplinary issues with the Iowa Board of Medicine.  Loper argued that those disciplinary issues were irrelevant to Dr. Segal's testimony and that, even if relevant, the disciplinary record would be unduly prejudicial to Loper because of a lack of connection to Loper's case.  The defendants argued that the disciplinary issues involved alleged lapses in honesty and care issues, which directly relate to

Dr. Segal's credibility as a witness. The district court agreed with the defendants and permitted all evidence relating to the board of medicine's discipline history of Dr. Segal insofar as no private or identifying patient information was disclosed. During his direct examination, Loper questioned Dr. Segal about the disciplinary investigation, and the defendants cross-examined him on the issues.

The case was submitted to the jury, and the jury returned a verdict for the defendants, finding that Bark was not at fault. Loper now appeals.

## II. Standard of Review

We review evidentiary rulings for an abuse of discretion. *Selden v. Des Moines Area Cmty. Coll.*, 2 N.W.3d 437, 443 (Iowa 2024). "A party may claim error in a ruling to admit or exclude evidence only if the error affects a substantial right of the party." Iowa. R. Evid. 5.103(a). "While a presumption of prejudice arises when the trial court has received inadmissible evidence over proper objection, that presumption will not suffice if the record demonstrates a lack of prejudice." *Shawhan v. Polk Cnty.*, 420 N.W.2d 808, 810 (Iowa 1988).

## III. Error Preservation

"It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). "[I]t is fundamentally unfair to fault the trial court for failing to rule correctly on an issue it was never given the opportunity to consider." *Otterberg v. Farm Bureau Mut. Ins. Co.*, 696 N.W.2d 24, 28 (Iowa 2005) (alteration in original) (citation omitted).

"Ordinarily, error claimed in a court's ruling on a motion in limine is waived unless a timely objection is made when the evidence is offered at trial." *State v.*

*Daly*, 623 N.W.2d 799, 800 (Iowa 2001) (citation omitted). But when the motion "is resolved in such a way it is beyond question whether or not the challenged evidence will be admitted during trial, there is no reason to voice objection at such time during trial." *Id.* (citation omitted); *accord State v. Thoren*, 970 N.W.2d 611, 621 (Iowa 2022) ("If the ruling on the motion in limine reaches the ultimate issue and declares the evidence admissible or inadmissible, it is ordinarily a final ruling and need not be questioned again during trial." (cleaned up) (citation omitted)).

The appellees argue that Loper did not preserve error on his appeal because Loper did not object to the introduction of the evidence of the Iowa Board of Medicine's allegations and it was Loper himself who introduced the evidence. But we conclude error was not preserved for a different reason: he raises a different claim on appeal than he raised below. *See State v. Rutledge*, 600 N.W.2d 324, 325 (Iowa 1999) ("Nothing is more basic in the law of appeal and error than the axiom that a party cannot sing a song to us that was not first sung in trial court.").

Below, the district court made clear it was rejecting a claim under Iowa Rules of Evidence 5.402 and 5.403. For the first time on appeal, Loper contends that admission of the evidence of the Board's investigation is prejudicial because it "was prohibited by Iowa Code section 272C.6(4)(a) [(2020)]." Loper raised no statutory argument in his original oral motion in limine, and the district court never had the opportunity to consider that argument in its ruling. The entirety of Loper's prejudice argument on appeal assumes the alleged violation of section 272C.6(4)(a), as interpreted through a ruling by our supreme court. *See Calcaterra v. Iowa Bd. of Med.*, 965 N.W.2d 899, 908 (Iowa 2021). And to the

extent that Loper argues prejudice unrelated to section 272C.6(4)(a), he did not make such arguments until his reply brief. "Parties cannot assert an issue for the first time in a reply brief. When they do, this court will not consider the issue." *Sun Valley Iowa Lake Ass'n v. Anderson*, 551 N.W.2d 621, 642 (Iowa 1996) (internal citation omitted). Because Loper has failed to preserve error on the statutory argument he advances on appeal, we affirm the district court's ruling.

**AFFIRMED.**